ROBERT S. WHALEN *vs.* NYNEX INFORMATION
SERVICES, INC.

No. 92-P-1111.

Suffolk. November 9, 1993. - February 28, 1994.

Present: JACOBS, GILLERMAN, & PORADA, JJ.

Further appellate review granted, 418 Mass. 1104 (1994).

*Constitutional Law*, Trial by jury. *Practice, Civil*, Jury trial. *Employment*, Discrimination. *Anti-Discrimination Law*, Employment.

There is no right to a trial by jury on a claim alleging handicap discrimination in violation of G. L. c. 151B. [149-153]

CIVIL ACTION commenced in the Superior Court Department on November 9, 1987.

The case was heard by *Thomas E. Connolly*, J.

*Frederick T. Golder* for the plaintiff.

*Lisa M. Birkdale* for the defendant.

GILLERMAN, J. After a two-day bench trial, the judge ordered judgment for the defendant on the plaintiff's claim of handicap discrimination in violation G. L. c. 151B.[1] The judge's comprehensive findings of fact and rulings of law were carefully drafted, and disposed of the issues presented for adjudication on the merits. In brief, the judge concluded that the plaintiff, having failed to prove that he was qualified for the available position, had not established that he was a qualified handicapped person within the meaning of G. L.

---

[1]The complaint filed by the plaintiff alleged handicap discrimination in violation of G. L. c. 151B (Count I), art. 114 of the Amendments to the Massachusetts Constitution (Count II), and G. L. c. 12, § 11I (Count III). The plaintiff also filed a jury claim "on all issues and claims triable by jury." Counts II and III were dismissed, and following a hearing, the judge allowed the defendant's motion to strike the plaintiff's jury claim. The complaint also alleged that a charge of discrimination had been filed with the Massachusetts Commission Against Discrimination. See G. L. c. 151B, § 5.

c. 151B, § 4, (16)[2]; that the defendant had presented a legitimate, nondiscriminatory reason for the refusal to hire the plaintiff, namely, the plaintiff's failure to satisfy the job requirements; that the plaintiff had failed to prove that the stated reason for the refusal to hire was merely a pretext for discrimination, and that no discriminatory animus existed against the plaintiff. See generally *Wheelock College* v. *Massachusetts Commn. Against Discrimination*, 371 Mass. 130, 135 note 5 (1976), and *Johansen* v. *NCR Comten, Inc.*, 30 Mass. App. Ct. 294, 296-297 (1991), where the cases are collected. Indeed, the judge found that the four persons who evaluated the plaintiff had "no knowledge that Whalen may have had any handicap," that the plaintiff told no one at the defendant's Salem employment office that he had suffered a brain injury until after he was told he would not be hired; and that, after his rejection, the plaintiff told the receptionist at the Salem office that he was fully recovered from his previous injury.

These findings and conclusions were amply supported by the testimony. But all that is of no material consequence to this appeal, for here the central and only important issue is whether there was error in allowing the defendant's motion to strike the plaintiff's demand for a trial by jury. We hold that there was no error.

In spite of the fact that G. L. c. 151B was inserted almost fifty years ago, see St. 1946, c. 368, § 4 (then entitled "Unlawful Discrimination Against Race, Color, Religious Creed,

---

[2]General Laws c. 151B, § 4, (16) (1986 ed.), makes it unlawful for an employer to "refuse to hire . . . because of his handicap, any person alleging to be a qualified handicapped person, capable of performing the essential functions of the position involved with reasonable accommodation. . . ."

As in *Cox* v. *New England Tel. & Tel. Co.*, 414 Mass. 375, 381-382 (1993), the judge made no finding as to whether the plaintiff was a handicapped person; he focused on whether the plaintiff was qualified to perform the job. But unlike *Cox*, this is a disparate treatment case, not a disparate impact case, and the burden-shifting principles announced in *McDonnell Douglas Corp.* v. *Green*, 411 U.S. 792 (1973), apply. See *Cox* at 384-385.

National Origin or Ancestry")[3] no Massachusetts appellate decision, it seems, has considered the question presented by this case: whether the right to trial by jury is preserved for those claiming violations of the statute (other than claims of age discrimination — see note 3, *supra*).[4]

Article 15 of the Massachusetts Declaration of Rights[5] preserves "the common law trial by jury in its indispensable characteristics as established and known at the time the Constitution was adopted" in 1780. *Department of Rev.* v. *Jarvenpaa*, 404 Mass. 177, 185-186 (1989), quoting from *Opinion of the Justices*, 237 Mass. 591, 596 (1921). See also *Commonwealth* v. *Knowlton*, 2 Mass. 530, 534-535 (1807). Oftentimes, because "new forms of actions and proceedings" are created by the Legislature, it may become necessary to consider whether "analogous civil proceedings existed at common law which required a jury trial." *Commonwealth* v. *Mongardi*, 26 Mass. App. Ct. 5, 8 (1988). But the fact that the claims asserted may be, in some measure, analogously connected to actions known at common law is not necessarily enough to establish the right to trial by jury. *Nei* v. *Burley*, 388 Mass. 307, 314 (1983). This is particularly so since here, as in *Nei* v. *Burley* (deciding that there is no right to trial by jury for actions cognizable under G. L. c. 93A), the Legislature "has created new substantive rights in which conduct heretofore lawful under common law and statutory law is now unlawful." *Id.* at 315. See also *Department of Rev.* v.

---

[3]The provisions with regard to handicap discrimination were added by St. 1983, c. 533, § 6. In 1990, the Legislature amended § 9 of c. 151B by adding the right to trial by jury in age discrimination cases. See St. 1990, c. 395. In any event, it is clear that (i) the Legislature has *not* acted to create a right to trial by jury regarding handicap discrimination, and (ii) the Legislature appears to understand that but for enabling legislation, such as St. 1990, c. 395, no right to trial by jury adheres to c. 151B. See *Nei* v. *Burley* 388 Mass. 307, 315 (1983).

[4]We shall assume that whether the plaintiff was a "qualified handicapped person" presents questions of fact that could appropriately be decided by a jury.

[5]Article 15 provides, in part, "In all controversies concerning property, and in all suits between two or more persons, except in cases in which it has heretofore been otherways used and practised, the parties have a right to a trial by jury. . . ."

*Jarvenpaa, supra* at 188 ("If a wholly new cause of action is created, a jury trial right does not attach to that claim"). So too, where the cause of action is for the violation of civil rights, a claim unknown to the common law, *Commonwealth v. Guilfoyle*, 402 Mass. 130, 135 (1988) (citing *Batchelder v. Allied Stores Corp.*, 393 Mass. 819, 821 [1985]), it is clear that art. 15 is inapplicable. *Id.* at 135-136.

In enacting the provisions of c. 151B with regard to employment discrimination, the Legislature did indeed create a "wholly new cause of action." Competition was the cornerstone of the economic theory of the common law, for "it is through that competition, that the best interests of trade and industry are promoted." *Commonwealth v. Hunt*, 4 Met. 111 134 (1842). Essential to the magical and wondrous workings of competition was the right of the employer to the "free flow of labor," — a right "to which every member of the community is entitled for the purpose of carrying on the business in which he or it has chosen to embark." *Haverhill Strand Theatre, Inc. v. Gillen*, 229 Mass. 413, 418 (1918).[6] The free flow of labor required that employers have the "right . . . at all times to hire in the labor market, and to retain in their employment, such workmen as they might choose, unhampered by the interference of the union acting as a body through the instrumentality of a strike, or of a boycott, or of a black list . . . . [That right] is a primary right which has never been abrogated but remains unimpaired by our deci-

---

[6]Compare Chief Justice Holmes, dissenting in *Plant v. Woods*, 176 Mass. 492, 505 (1900): "While I think the strike a lawful instrument in the universal struggle of life, I think it pure phantasy to suppose that there is a body of capital of which labor as a whole secures a larger share by that means . . . . Organization and strikes may get a larger share for the members of an organization, but, if they do, they get it at the expense of the less organized and less powerful portion of the laboring mass. They do not create something out of nothing. It is only by divesting our minds of questions of ownership and other machinery of distribution, and by looking solely at the question of consumption, — asking ourselves what is the annual product, who consumes it, and what changes would or could we make, — that we can keep in the work of realities."

sions." *Folsom Engraving Co.* v. *McNeil*, 235 Mass. 269, 277 (1920).[7] See also *Boylston Hous. Corp.* v. *O'Toole*, 321 Mass. 538, 549 (1947). The Federal version of these ideas was not substantially different. See *Lochner* v. *New York*, 198 U.S. 45, 53 (1905) (liberty interest of the Fourteenth Amendment to the Federal Constitution protects "the right of contract between the employer and employees concerning the number of hours in which the latter may labor in the bakery of the employer," and State statute which limits those hours is repugnant to the Federal Constitution).[8]

It is surely an understatement to say that the common law in 1780, when the Massachusetts Constitution was adopted, did not recognize the right of an individual to be considered for employment free of discrimination on account of his or her handicap.[9] Compare *Melley* v. *Gillette Corp.*, 19 Mass. App. Ct. 511, 513 (1985), *S.C.*, 397 Mass. 1004 (1986) (no common law remedy for discharge on account of age). It was not until the adoption of art. 114 of the Amendments to the Massachusetts Constitution in 1980[10] that a right to be free of handicap discrimination (to the extent therein provided)

---

[7]An employee "under contract for service" could recover for unjustifiable interference with his employment contract "as for an injury to any other vested property right." *Citizens Loan Assn.* v. *Boston & Me. R.R.*, 196 Mass. 528, 530 (1907).

[8]*Lochner*, and related cases, were subsequently repudiated. See *Lincoln Fed. Labor Union* v. *Northwestern Iron & Metal Co.*, 335 U.S. 525, 535 (1949).

[9]Contrast *Gallagher* v. *Wilton Enterprises, Inc.*, 962 F.2d 120 (1st Cir. 1992), holding that a right to trial by jury is available in the Federal court for claims under c. 151B. However, *Gallagher*, a diversity case, was decided under the Seventh Amendment to the Federal Constitution where the analysis proceeds along different lines. See *Gallagher* at 122 (the court looks first to State law to determine the elements of the cause of action, and the remedy sought, and then to Federal law for the characterization of the action and the remedies as either legal or equitable. The right to trial by jury then attaches to legal, but not to equitable claims). See also *Simler* v. *Conner*, 372 U.S. 221, 222-223 (1963); *Pandazides* v. *Virginia Bd. of Educ.*, 13 F.3d 823 (4th Cir. 1994).

[10]Article 114 of the Amendments provides, "No otherwise qualified handicapped individual shall, solely by reason of his handicap, be excluded from the participation in, denied the benefits of, or be subject to discrimination under any program or activity within the commonwealth."

was established in our fundamental law. See also G. L. c. 93, § 103 (prohibiting discrimination in contract and property transactions on the basis of handicap).[11]

Finally, we emphasize, as did the court in *Nei* v. *Burley*, 388 Mass. at 315, the silence of the Legislature on the point at issue, see note 3, *supra*, and if "this conclusion does not reflect the mind of the Legislature, it is free to change the law and to grant a right to a trial by jury." *Ibid*.

While we conclude that there is no right to trial by jury regarding a handicap discrimination claim arising under c. 151B, nothing prevents a judge from submitting such a case to a jury, and it is not reversible error if he does so. Compare *Service Publications, Inc.* v. *Goverman*, 396 Mass. 567, 577-578 (1986) (permitting jury trials in c. 93A cases where there is no right to trial by jury).

*Judgment affirmed.*

---

[11]Further support for our conclusion is found in the complex legislative scheme, expressed in c. 151B, to protect the rights covered by that chapter. That scheme, as we noted in the *Melley* case, *supra* at 512, provides for administrative remedies as well as judicial remedies, and the litigant must first follow the administrative route — a remedy unknown to the common law. Compare *Commonwealth* v. *Mongardi*, 26 Mass. App. Ct. at 8 ("The procedure specified in c. 90C for the handling of civil motor vehicle infractions is essentially sui generis, and does not express a civil claim, right or remedy which was recognized at common law as requiring a jury trial"), and, with regard to G. L. c. 268A, *Zora* v. *State Ethics Commn.*, 415 Mass. 640, 652-653 (1993).