Gershengorn, J.
Defendant’s motion to strike jury demand is allowed. The plaintiff is not entitled to ajury trial on his remaining claim in his complaint for retaliation in violation of G.L.c. 15 IB. General Law c. 151B specifically provides for the right to ajury trial in cases involving age discrimination in employment. G.L.c. 151B, §9. The statute is silent as to the right to ajury trial in any other type of case covered under the statute including retaliation. “It is a familiar principle of statutory interpretation that express mention of one matter excludes similar matters not mentioned.” Spence, Bryson, Inc. v. China Products Co., 308 Mass. 81, 88 (1941).
Moreover, the Massachusetts Appeals Court has held that there is no right to a jury trial in a handicap discrimination suit arising under G.L.c. 151B. Whalen v. NYNEX Information Services, Inc., 36 Mass.App.Ct. 148, 153 (1994). In that decision, the Appeals Court held that “in enacting the provisions of c. 151B with regard to employment discrimination, the legislature did indeed create a ‘wholly new cause of action.’ ” Id. at 151. The fact that the legislature created a new cause of action is significant because it is well settled in Massachusetts that “if a wholly new cause of action is created, a jury trial right does not attach to that claim.” Department of Rev. v. Jarvenpaa, 404 Mass. 177, 188 (1989) (citations omitted).
It should be noted that the plaintiff cites to Gallagher v. Wilton Enterprises, Inc., 962 F.2d 120 (1st Cir. 1992), in support of his position that he is entitled to a jury trial on his 151B retaliation claim; however, Gallagher was a diversity case decided under Seventh Amendment analysis. See Whalen, supra at 152 n.9.
ORDER
Based on the foregoing reasons, the defendant’s motion to strike jury is allowed.