ROBERT S. WHALEN *vs.* NYNEX INFORMATION
RESOURCES COMPANY.

Suffolk. November 9, 1994. - March 28, 1995.

Present: LIACOS, C.J., ABRAMS, NOLAN, O'CONNOR, & GREANEY, JJ.

*Constitutional Law*, Trial by jury. *Practice, Civil*, Jury trial. *Jury and Jurors*. *Employment*, Discrimination. *Anti-Discrimination Law*, Employment, Handicap, Prima facie case, Burden of proof. *Words*, "Qualified handicapped person."

A plaintiff was entitled to a jury trial under the provisions of art. 15 of the Declaration of Rights of the Massachusetts Constitution on his claim filed pursuant to G. L. c. 151B, § 4 (16), alleging employment discrimination based on handicap. [794-795]

In an action alleging handicap discrimination in employment in violation of G. L. c. 151B, § 4 (16), the plaintiff did not offer sufficient evidence that he was a qualified handicapped person and the judge properly dismissed the complaint. [795-797]

Error in a judge's striking the plaintiff's demand for a jury trial in a complaint alleging employment discrimination based on handicap was not prejudicial where the plaintiff failed to establish a prima facie case of handicap discrimination. [797]

CIVIL ACTION commenced in the Superior Court Department on November 9, 1987.

The case was heard by *Thomas E. Connolly*, J.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Frederick T. Golder* for the plaintiff.

*Lisa M. Birkdale* for the defendant.

NOLAN, J. The plaintiff appealed from a judgment of a Superior Court judge dismissing his complaint and entering judgment for the defendant on the plaintiff's claim of handicap discrimination in employment. The plaintiff claims on appeal that the judge erred by granting the defendant's mo-

tion to strike his demand for a trial by jury. The plaintiff argues also that the judge erred in concluding that he failed to establish a prima facie case of handicap discrimination.

The plaintiff commenced this action in the Superior Court alleging that the defendant had refused to hire him for the position of premise sales representative on the basis of his handicap.[1] The judge granted summary judgment for the defendant on two of the plaintiff's three counts, allowing the plaintiff's claim under G. L. c. 151B, § 4 (16) (1992 ed.), to remain.[2] The judge also granted the defendant's motion to strike the plaintiff's demand for a jury trial. After a two-day bench trial, the judge determined that the plaintiff had failed to establish a prima facie case of employment discrimination on the basis of a handicap and entered judgment for the defendant. The plaintiff then filed a timely notice of appeal in the Appeals Court. The Appeals Court affirmed the decision of the Superior Court after concluding that the plaintiff did not have a right to a trial by jury for a handicap discrimination claim filed pursuant to G. L. c. 151B. 36 Mass. App. Ct. 148 (1994). We granted the plaintiff's application for further

---

[1]The plaintiff had suffered an injury to his brain stem in an automobile accident in 1975. In 1986, the plaintiff applied for a sales representative position with the defendant. When the defendant declined to offer the plaintiff a job, the plaintiff filed a complaint in the Superior Court alleging that the defendant had discriminated against him on the basis of his handicap in violation of G. L. c. 151B, § 4 (1992 ed.), art. 114 of the Amendments to the Massachusetts Constitution, and G. L. c. 12, § 11I (1992 ed.). The plaintiff also filed a handicap discrimination claim with the Massachusetts Commission Against Discrimination. In his complaint filed in the Superior Court, the plaintiff made a demand for a trial by jury and sought, inter alia, compensatory damages, punitive damages, interest and costs, and reasonable attorney's fees.

[2]General Laws c. 151B, § 4 (1992 ed.), states: "It shall be an unlawful practice:. . . 16. For any employer, personally or through an agent, to dismiss from employment or refuse to hire, rehire or advance in employment or otherwise discriminate against, because of his handicap, any person alleging to be a qualified handicapped person, capable of performing the essential functions of the position involved with reasonable accommodation, unless the employer can demonstrate that the accommodation required to be made to the physical or mental limitations of the person would impose an undue hardship to the employer's business."

appellate review. Although we conclude that a trial by jury is a matter of State constitutional right in cases of employment discrimination on the basis of a handicap, the judge's error in striking the plaintiff's claim for a trial by jury was not prejudicial because the plaintiff failed to produce sufficient evidence to establish a prima facie case of handicap discrimination pursuant to G. L. c. 151B.

1. *Right to a trial by jury.* The issue whether a plaintiff is entitled to a trial by jury on a claim of handicap discrimination in employment is an issue of first impression in the Commonwealth. We have stated that art. 15 of the Massachusetts Declaration of Rights "preserves the 'common law trial by jury in its indispensable characteristics as established and known at the time the Constitution was adopted' in 1780."[3] *Department of Revenue* v. *Jarvenpaa*, 404 Mass. 177, 185-186 (1989), quoting *Opinion of the Justices*, 237 Mass. 591, 596 (1921). In addition, we have concluded that "the Legislature may grant a right to a trial by jury to one who is aggrieved by a violation of a statute." *Nei* v. *Burley*, 388 Mass. 307, 312 (1983).

In *Dalis* v. *Buyer Advertising, Inc.*, 418 Mass. 220, 226 (1994), an opinion released after the opinion of the Appeals Court in this case, we held that art. 15 protects a plaintiff's right to a trial by jury on a claim of employment discrimination based on sex.[4] As in *Dalis*, a plaintiff's handicap dis-

---

[3]Article 15 of the Massachusetts Declaration of Rights provides: "In all controversies concerning property, and in all suits between two or more persons, except in cases in which it has heretofore been otherways used and practiced, the parties have a right to a trial by jury; and this method of procedure shall be held sacred, unless, in causes arising on the high seas, and such as relate to mariners' wages, the legislature shall hereafter find it necessary to alter it."

[4]In *Dalis* v. *Buyer Advertising, Inc.*, 418 Mass. 220 (1994), the plaintiff claimed that her employer had discharged her because she had become pregnant. The plaintiff filed suit under G. L. c. 151B, § 4 (1) (1992 ed.), claiming that her employer had discriminated against her on the basis of sex. On appeal from a Superior Court judge's denial of the defendant's motion to strike the plaintiff's jury demand, we held that the plaintiff had a right to a jury trial on her G. L. c. 151B claim. See *id.* at 226. We decided first that the plaintiff's sex discrimination claim "[fell] squarely

crimination claim filed pursuant to G. L. c. 151B, § 4 (16), is "analogous to common law actions sounding in both tort and contract." *Dalis* v. *Buyer Advertising, Inc., supra* at 223. We conclude, therefore, that the plaintiff is constitutionally entitled to a trial by jury for his claim of employment discrimination based on his handicap. See art. 15; G. L. c. 151B, § 4 (16).

2. *Prima facie case of handicap discrimination.* The plaintiff claims that the judge erred in concluding that he failed to establish a prima facie case of handicap discrimination. We disagree.

We have recognized a distinction between employment discrimination cases where the plaintiff alleges "disparate treatment" and those cases involving a claim of "disparate impact." See *Cox* v. *New England Tel. & Tel. Co.*, 414 Mass. 375, 384 (1993), citing *Smith College* v. *Massachusetts Comm'n Against Discrimination*, 376 Mass. 221, 227 (1978). In a "disparate treatment" case, "proof of the employer's discriminatory motive is critical." *Cox* v. *New England Tel. & Tel. Co., supra* at 384-385. We have adopted, therefore, a framework of shifting burdens of persuasion and production of evidence that is "intended progressively to sharpen the inquiry into the elusive factual question of intentional discrimination." *Texas Dep't of Community Affairs* v. *Burdine*, 450 U.S. 248, 255 n.8 (1981). See *Cox* v. *New England Tel. & Tel. Co., supra.* This framework of shifting burdens, however, does not apply in a "disparate impact" case because "discriminatory motive is not an essential part

---

within the language of art. 15" because it was a "suit between two persons which clearly set[] forth a controversy concerning property." *Id.* at 223. We then concluded that the plaintiff's claim was not within the court's equity jurisdiction, as it existed at the time of the adoption of the State Constitution, in either subject matter or remedy sought. See *id.*, citing *Parker* v. *Simpson*, 180 Mass. 334, 355 (1902). Instead, we determined that "the plaintiff's sex discrimination claim [was] analogous to common law actions sounding in both tort and contract." *Dalis* v. *Buyer Advertising, Inc., supra* at 223, citing *Gallagher* v. *Wilton Enters., Inc.*, 962 F.2d 120, 122-123 (1st Cir. 1992) (stating that employment discrimination suits are comparable to common law tort and contract actions).

of the proof." *Smith College* v. *Massachusetts Commission Against Discrimination, supra.*

The present case is one of alleged "disparate treatment." In an employment discrimination case involving "disparate treatment," the plaintiff has the initial burden of establishing a prima facie case. See *Blare* v. *Husky Injection Molding Sys. Boston, Inc., ante* 437, 441 (1995); *Tate* v. *Department of Mental Health, ante* 356, 361 (1995). To establish a prima facie case of "disparate treatment" on the basis of a handicap, a plaintiff must produce some evidence that: (1) he is handicapped; (2) he is a qualified handicapped person and he applied for a position for which the employer was seeking applicants; (3) the employer rejected the plaintiff for the position in spite of his qualifications; (4) after the employer rejected the plaintiff, the position remained open and the employer continued to seek applicants. See *Blare* v. *Husky Injection Molding Sys. Boston, Inc., supra* at 441, 445; *Tate* v. *Department of Mental Health, supra.* See also *Wheelock College* v. *Massachusetts Comm'n Against Discrimination,* 371 Mass. 130, 135 & n.5 (1976). The plaintiff does not have to *prove* each of the four elements to establish a prima facie case in order to avoid a directed verdict. See P.J. Liacos, Massachusetts Evidence § 5.6.1 (6th ed. 1994); 9 J. Wigmore, Evidence § 2494 (Chadbourn rev. ed. 1981). Rather, the plaintiff must produce evidence that, if believed, would be sufficient to establish facts that would entitle him to judgment. See P.J. Liacos, *supra* at 220 (stating that evidence must be such that "jury could reasonably find either way" as to existence of fact); 9 J. Wigmore, *supra.*

A "qualified handicapped person" is one who "is capable of performing the essential functions of a particular job, or who would be capable of performing the essential functions of a particular job with reasonable accommodation to his handicap." G. L. c. 151B, § 1 (16). See *Cox* v. *New England Tel. & Tel. Co., supra* at 381-384. The issue on further appellate review is whether the plaintiff offered sufficient evidence that he was a qualified handicapped person. If he did, the case should be remanded for a jury trial. If he did not,

despite the judge's erroneous ruling on the jury trial issue, there is no need to remand this matter to the Superior Court for trial. We conclude that the evidence was insufficient on the issue whether the plaintiff was a qualified handicapped person.

The defendant used a three-part testing process to screen applicants for the position of premise sales representative.[5] The defendant considered hiring only those applicants who had passed all three tests. The third test replicates situations that confront premise sales representatives. The test measures skills such as oral communication skills, factfinding, quality of reasoning, and problem-solving ability. The evidence was that the test was a valid predictor of success on the job. The plaintiff failed the third test.[6] Thus, the plaintiff's evidence on the issue of qualified handicapped person was insufficient to submit the case to the jury. The judge's error in striking the plaintiff's demand for a jury trial was not prejudicial because the evidence was insufficient to establish a prima facie case of handicap discrimination.

*Judgment affirmed.*

---

[5]In the sales assessment process, the applicant participates in two separate role-playing exercises with three sales assessment staff members and the sales assessment staff director. The entire process takes approximately five and one-half hours. Each of the evaluators then rates the applicant on his performance based on eleven different criteria. The evaluator's results are combined and collectively result in one of three ratings: (1) more than acceptable; (2) acceptable, and; (3) not acceptable. Although the plaintiff had passed the first two tests, he received a rating of "not acceptable" on the third test.

[6]There was no evidence challenging the validity of the test. Nor was there any evidence that the test was in any way discriminatory.