# RONALD P. ROSATI, JR., & another[1] *vs.* BOSTON PIPE COVERING, INC.

No. 97-P-1702.

Middlesex. March 9, 1999. - June 14, 1999.

Present: PERRETTA, PORADA, & LENK, JJ.

Further appellate review granted, 431 Mass. 1104 (2000).

*Practice, Civil,* Jury trial. *Constitutional Law,* Trial by jury. *Common Law. Jury and Jurors. Contract,* Employment.

A claim under G. L. c. 149, § 27, for an employer's alleged failure to pay at the prevailing wage rate, is properly triable before a jury, where the cause of action is analogous to a contract action and the relief sought, compensation and punitive damages, is legal in nature. [122-123]

In the circumstances of an action brought by employees under G. L. c. 149, § 27, for an employer's alleged failure to have paid them at the prevailing wage rate, the judge's denial of the defendant's claim for a trial by jury was prejudicial and a new trial was required. [123-124]

CIVIL ACTION commenced in the Superior Court Department on March 17, 1995.

A motion to strike a request for a jury trial was heard by *Maria I. Lopez,* J., and the case was heard by *Charles T. Spurlock,* J.

*Herbert D. Lewis* (*Elizabeth R. Lewis* with him) for the defendant.

*Sydelle Pittas* (*Blythe Sterling* with her) for the plaintiffs.

PORADA, J. Pursuant to the provisions of G. L. c. 149, § 27, the plaintiffs (employees) filed a complaint in the Superior Court against the defendant (employer) seeking to recover back pay based on the alleged failure of the employer to pay them the prevailing wage rate set by the Department of Labor and Industries for work performed under a public construction project at the Logan International Airport. The employer filed an answer denying the claim and made a request for a jury trial.

---

[1]Robert Croteau.

The employees moved to strike the request for a jury trial. A Superior Court judge allowed the motion on the ground that she would not imply a right to trial by jury in the absence of a legislative directive where the cause of action was statutory in nature. The employees' claims were tried jury-waived before another Superior Court judge. That judge found that the employer had violated the provisions of G. L. c. 149, § 27, and awarded the employees back pay, punitive damages, and attorney's fees and costs pursuant to the provisions of G. L. c. 149, § 27.

On appeal, the employer alleges several errors.[2] We consider only one because it is dispositive of this appeal, namely the employer's claim that it was wrongfully denied a jury trial. Relying on *Dalis* v. *Buyer Advertising, Inc.*, 418 Mass. 220 (1994), the employer contends that a cause of action under G. L. c. 149, § 27, is analogous to a contract action and the relief sought, compensation and punitive damages, is legal in nature; thus, its claim to a jury trial was wrongfully denied. We agree.

As noted in the *Dalis* case, it is not a question whether, in the absence of a legislative directive, we should imply a right to a jury trial, but, rather whether, under the Massachusetts Constitution, we should preserve and protect the right to a trial by jury on claims under G. L. c. 149, § 27. *Id.* at 225. Under the broad language of art. 15 of the Massachusetts Declaration of Rights, the right to a trial by jury is preserved "[i]n all controversies concerning property, and in all suits between two or more persons, except in cases in which it has heretofore been otherways used and practiced . . . ." An action under G. L. c. 149, § 27, is certainly a suit "between two [or more] persons which clearly sets forth a controversy concerning property." *Id.* at 223. We must determine "whether the plaintiff's claim is analogous, in either subject matter or remedy sought, to cases within the court's equity jurisdiction, as it existed at the time of the adoption of the Constitution." *Ibid.*

At common law, parties were entitled to a jury trial to establish, or defend against, a debt. *Stockbridge* v. *Mixer*, 215 Mass. 415, 418 (1913). See *Parker* v. *Simpson*, 180 Mass. 334, 344-346 (1902). The subject of this action is the establishment

---

[2] The employer claims that the judge erred in allowing the plaintiffs' motion for sequestration of witnesses; in denying its motion "for a required finding"; and in denying its request for a hearing on attorney's fees and costs.

of a debt due for services rendered and, as such, is legal rather than equitable in nature. Its underpinnings lie in the employment contract between the parties and, thus, this suit is analogous to an action for breach of contract, which ordinarily lies outside the scope of the court's equity jurisdiction. Cf. *Nei* v. *Burley*, 388 Mass. 307, 312-313 (1983) (no entitlement to jury trial for violation of G. L. c. 93A which does not sound in contract or tort). In addition, the relief sought, back pay and punitive damages, is legal in nature. *Dalis* v. *Buyer Advertising, Inc.*, 418 Mass. at 226. That § 27 also provides for injunctive relief and that it requires the initial filing of a complaint with the Attorney General before filing suit do not invalidate the right to a jury trial. *Id.* at 224-227.

Having concluded that the employer was entitled to a trial by jury on the employees' claim, we must also decide whether the denial of this right was prejudicial to it. *Whalen* v. *NYNEX Information Resources Co.*, 419 Mass. 792, 797 (1995). In *Whalen*, the court concluded that the erroneous denial of a jury trial was not prejudicial because the record clearly established that the plaintiff was not a "qualified handicapped person" who could bring a cause of action for handicap discrimination in employment, the subject matter of the suit. This case does not involve the resolution of a similar threshold legal issue but, instead, requires the evaluation of conflicting evidence by the fact finder. The employees presented evidence they had not been paid for all of their work on the Logan Airport project at the prevailing wage rate. The employer challenged the employees' claims on several alternate grounds by presenting evidence that (1) the bulk of the work for the completion of the public contract required off-site work fabricating insulation material which did not require the payment of the prevailing wage[3]; (2) the employee Croteau had initially prepared the estimate for the bid on the project, and his labor costs were far less than those now claimed by the employees for the project, allegedly casting doubt on the employees' claims; and (3) the employees had been paid at the prevailing wage rate for all their work on the project, off and on site, because they worked only part-time on this project. The employer also presented evidence challenging the employees' credibility. While we can

---

[3]It is noteworthy that the employer failed to present any payroll records demonstrating that the employees had been paid a nonprevailing wage for this off-site work.

well understand the result reached by the judge in this case, we conclude that the employer should have had the conflict in the evidence resolved by a jury to which it was entitled under the Massachusetts Constitution.

We need not discuss the employer's other claims of error which are not likely to arise upon retrial.

*Judgment reversed.*