Lauriat, J.
This action arises from plaintiff, Newly Weds Foods, Inc.’s (“NWF”) discovery and remediation of environmental contamination at its facility located at 70-80 Grove Street, Watertown, Massachusetts (“the Site”). The Site, complete with underground storage tanks, was owned and operated by defendant, Westvaco Corporation (“Westvaco”) from 1945 to 1981. NWF contends that Westvaco is solely responsible for the Site’s contamination. NWF brought this action pursuant to G.L.c. 21E, §4 to recover its costs connected with the discovery and remediation of contamination at the Site, and pursuant to G.L.c. 93A, §11 for Westvaco’s alleged unfair and deceptive trade practices. The matter is before the court on Westvaco’s motion to strike NWF’s demand for a jury trial on both counts.
DISCUSSION
I.
The law concerning a plaintiffs right to a jury trial for actions brought under G.L.c. 93A is clear and precise. The Massachusetts Supreme Judicial Court has specifically denied a jury trial as a matter of constitutional right on claims brought under G.L.c. 93A. Nei v. Burley, 388 Mass. 307, 315 (1987). However, while there is no constitutional right to a juiy, it remains within the court’s discretion to commit such an action to jury deliberation. Travis v. McDonald, 397 Mass. 230, 233-34 (1986). The court will therefore reserve to the trial judge the decision whether to try this claim to a jury.
II.
Unless specifically authorized in enabling legislation, all rights to a civil jury trial in the Commonwealth stem from Article XV of the Massachusetts Declaration of Rights, which states:
In all controversies concerning property, and in all suits between two or more persons, except in cases in which it has heretofore been otherways used and practiced, the parties shall have a right to trial by jury; and this method of procedure shall be held sacred . . .
Article XV, adopted in 1780, gives a substantially greater right to a jury trial than that guaranteed by the Seventh Amendment of the United States Constitution for cases arising from what might be called “new actions.” New actions are those that have developed out of the changes inherent in a society that continued to evolve after 1780. In these new actions, a jury trial right in Massachusetts must be presumed because “the right attaches to all new causes of action whatever their nature unless the relief permitted is other than penal and could have been granted by a Massachusetts court of equity in 1780.” In Re Achusnet River, 712 F.Sup. 994, 1010 (D.Mass. 1989). A statute regarding the handling of oil and hazardous waste deals with a legacy of industrialization unheard of in a time when machines had not yet replaced muscle and the world was still lit by candles. Thus G.L.c. 2IE is one of those actions that has sprung from the changes in an evolving society.
This contrasts with the Seventh Amendment of the United States Constitution, which has been interpreted to “preserve the right to jury trial as it existed in 1791.” Curtis v. Loether, 415 U.S. 189, 193 (1974). Under the federal constitution a court can provide a jury for claims unheard of at common law so long as the action’s essential nature involves “rights and remedies traditionally enforced in an action at law, rather than in an action in equity or admiralty.” Pernell v. Southall Realty, 416 U.S. 363, 375 (1974).
The Massachusetts Declaration of Rights mirrors the Seventh Amendment with respect to actions that were tried in law or equity prior to its adoption. However, Massachusetts extends the jury trial right beyond the scope of the federal standard because it formulates a more dynamic model for assessing a party’s right to a jury. The first inquiry in Massachusetts is whether the case presents a cause of action already in existence in 1780. If it does, it will be brought in whichever type of court heard such an action. An analysis under the Seventh Amendment yields identical results. However, the results may differ for new causes of action because Massachusetts affords a jury trial right in those cases without inquiring into the action’s essential nature or where the rights and remedies of such an action were traditionally enforced. In addition, while any traditional common law action carries with it a right to jury trial, in Massachusetts "a party cannot be deprived of that right because a change in the form of procedure has made it cognizable in courts of equity.” Stockbridge v. Mixer, 215 Mass. 415, 418 (1913).
*2 Applying these principles to the facts of this case, the court concludes that Westvaco’s contention that Massachusetts should follow federal cases that treat response cost actions as matters of equity is unpersuasive. Westvaco is correct that federal courts, in impressive near unanimity, have held that response cost actions under the Comprehensive Environmental Response Compensation and Liability Act (“CERCLA”), 42 U.S.C. §9601 et seq., sound in equity and therefore are afforded no jury trial right. See Hatco Corporation v.W.R. Grace, 59 F.3d 400, 414-14 (3rd Cir. 1995) (and cases cited). It is also correct that G.L.c. 21E is modeled on CERCLA, and, absent a compelling reason to do otherwise, should be construed consistently with CERCLA. Martignetti v. Haigh-Farr, Inc., 425 Mass. 294, 301 n.12 (1997). However, given the more dynamic jury trial standard in Massachusetts, even if G.L.c. 2 IE were an exact transliteration of CERCLA (which it is not), an analysis of whether the right to a jury trial right on this cause of action exists in Massachusetts will yield á different result than a similar analysis under the Seventh Amendment. In addition, this court concludes that maintaining the rights of citizens of the Commonwealth guaranteed under the Declaration of Rights is precisely the type of “compelling reason” that justifies a differing interpretation of claims under G.L.c. 21E from those brought under CERCLA.
Westvaco points to Doherty v. Retirement Board of Medford, 425 Mass. 130 (1997), and Whalen v. Nynex Information Resources, Co., 419 Mass. 792 (1995), to support its contention that the federal standard should apply to the current case. Doherty held that there was no right to a juiy in a forfeiture proceeding stemming from a misappropriation of funds, while Whalen confirmed a jury trial right in a case alleging discrimination. However, the determination of jury trial rights in these cases, as well as the Supreme Judicial Court’s recent decision in New Bedford Housing Authority v. Olan, 435 Mass. 364 (2001), turn on that portion of Article XV that preserves the legal and equitable distinctions that existed in 1780. Article XV”s statement that the right to a jury is sacred “except in cases in which it has heretofore been otherways used and practiced” is precisely that part of Article XV that mirrors the Seventh Amendment’s approach to those causes of action that actually existed in 1780. The more expansive portion ofArticle XV applies to new actions only. The decisions in Doherty, Whalen and New Bedford Housing Authority were based on the Court’s conclusions that those cases embodied causes of action which were in existence in 1780 that either did or did not provide a right to a jury trial. Having made that determination, the Court in Doherty, Whalen and New Bedford Housing Authority did not have to consider further the implications and reach of Article XV.
III.
Westvaco contends that even if an analysis under Article XV yields a different conclusion than that reached by the federal courts, actions under G.L.c. 21E, §4 should still be tried in equity because a jury trial right does not attach automatically when the legislature creates an entirely new cause of action. This is the rationale that underlies the Supreme Judicial Court’s denial of a jury trial claim in a G.L.c. 93A action. Nei v. Burley, 388 Mass. 307, 314-15 (1983). The precedential value of Nei v. Burley has been questioned. See In Re Acushnet River, 712 F.Sup. at 1010, n. 1. However, the Westvaco argument fails, even granting the continued vitality of Nei, because the causes of action that the legislature authorized under G.L.c. 93Aand G.L.c. 21E differ substantially.
In Nei, the Court found that no right to a jury trial exists in “a statutory cause of action affording rights not available at common law or providing primarily equitable relief.” Nei v. Burley, 388 Mass. at 314-15. The Court based this conclusion on its perception of the legislative intent embodied in the new statute. While acknowledging that the legislature was silent on the legal or equitable nature of actions under G.L.c. 93A, the Nei court divined intent from the fact that the statute created “new substantive rights in which conduct heretofore lawful under common and statutory law is now unlawful.” Nei v. Burley, 388 Mass. at 315. These new rights arose because G.L.c. 93A allowed plaintiffs to prevail in consumer protection actions without proving all the elements of analogous common law claims for breach of contract, fraud, or deceit. Nei v. Burley, 388 Mass. at 313. Equitable relief, as opposed to a strictly legal remedy, is only justified in these circumstances when the legislature affords relief for common law claims in the absence of the need to prove all the common law elements. Nei v. Burley, 388 Mass. at 314. Westvaco, therefore, must show that in enacting G.L.c. 21E, the legislature created a new cause of action with substantially different elements of proof than those required by its common law analogues.
The statutory language Westvaco puts in issue is G.L.c. 21E, §4, which reads, in pertinent part:
Any person who undertakes a necessary and appropriate response action regarding the release ... of oil or hazardous material shall be entitled to reimbursement from any other person liable for such release ... for the reasonable costs of such response action. If two or more persons are liable pursuant to section five for such release . . . each shall be liable to the others for their equitable share of the costs of such response action.
An analysis of this section, however, must be undertaken in context. In determining the essential nature of G.L.c. 21E, §4, the statute must be read as a whole. Oliveira v. Pereira, 414 Mass. 66, 72-74 (1992). The Court in Oliveira determined that G.L.c. 21E claims sound in tort because, despite the presence of terms like “reimbursement” and “equitable share” in Section 4, the entire statute addresses liability under *3 commonly understood tort principles, including “due care,” “joint and several liability,” and “foreseeability.” Oliveira v. Pereira, 414 Mass. at 73. Thus, whether arising under a theory of negligence or strict liability, a claim under Section 4 is best understood as an action for contribution among joint tortfeasors. Martignetti v. Haigh-Farr, Inc., 425 Mass. 294, 306-07 (1997). As such, it is a derivative claim, not an independent cause of action because the right to relief it embodies only arises once liability has been fixed. Id.
Actions under G.L.c. 21E therefore differ from those created under G.L.c. 93A because the legislature did not provide any shortcuts to establishing liability under Section 4. It continued to require that liability be found under well-understood tort principles. Conventional common law principles apply equally in those cases in which G.L.c. 2 IE claims were found to sound in contract. An analysis of that type of case draws a similar conclusion because a successful action can only proceed if the “claim is predicated upon failure to comply with the provisions of a contract.” Town of Weymouth v. James J. Welch Co., No. 90-985-A (Mass. Super. November 16, 1996) (Chernoff, J.) (6 Mass. L. Rptr. 197). Principles of contract and breach are preserved in those cases just as they are for actions that sound in tort. The legislature, in creating this new action, may have codified a methodology and clarified responsibilities, but it has not varied the elements that a plaintiff must prove by a preponderance of the evidence in order to prevail. Thus, “legislative intent is best served, and a sensible and coherent interpretation achieved, by reading [G.L.c. 21E, §4] as authorizing an action for the sharing of response costs, i.e., contribution among parties ...” Martignetti v. Haigh-Farr, Inc., 425 Mass. at 309.
ORDER
For the forgoing reasons, Defendant Westvaco Corporation’s Motion to Strike Plaintiffs Jury Demands is DENIED with respect to the claim brought under G.L.c. 21E, §4, and reserved to the trial judge, in the exercise of his or her discretion, with respect to the claim brought under G.L.c. 93A.