## VICTORIA DALIS *vs.* BUYER ADVERTISING, INC.

Middlesex. March 8, 1994. - July 11, 1994.

Present: LIACOS, C.J., ABRAMS, NOLAN, O'CONNOR, & GREANEY, JJ.

*Practice, Civil*, Jury trial. *Jurisdiction*, Equitable. *Common Law. Constitutional Law*, Trial by jury, Sex discrimination. *Jury and Jurors. Anti-Discrimination Law*, Sex, Employee. *Employment*, Discrimination. *Civil Rights*, Termination of employment.

Discussion of the right to trial by jury as provided in art. 15 of the Declaration of Rights of the Massachusetts Constitution. [221-222]

A plaintiff was entitled to a jury trial on her claims alleging gender discrimination in employment (G. L. c. 151B, § 4) [222-226], wage discrimination based on gender (G. L. c. 149, §§ 105A-105C) .[226], violation of the maternity leave act (G. L. c. 149, § 105D) [227], and violation of the equal rights act (G. L. c. 93, § 102) [227-228], to the extent those claims were not solely for equitable relief, under the provisions of art. 15 of the Declaration of Rights that guarantee trial by jury in "controversies concerning property."

CIVIL ACTION commenced in the Superior Court Department on July 1, 1992.

A motion in limine to strike the plaintiff's demand for a jury trial was considered by *Robert H. Bohn*, J.

An application for leave to prosecute an interlocutory appeal was allowed by *Elizabeth A. Porada*, J., in the Appeals Court, and the appeal was reported to a panel of that court. The Supreme Judicial Court granted a request for direct appellate review.

*Duncan S. Payne* (*Arthur P. Menard* with him) for the defendant.

*Gerald T. Anglin* (*Catherine Sheedy-McGonagle* with him) for the plaintiff.

*Anne L. Josephson, Sarah Wunsch & Alice Zaft,* for Civil Liberties Union of Massachusetts & another, amici curiae, submitted a brief.

*Barbara C. Johnson,* pro se, amicus curiae, submitted a brief.

ABRAMS, J. At issue is whether the plaintiff is entitled, as a matter of State constitutional right, to a trial by jury in an action alleging discrimination based on gender. The plaintiff, Victoria Dalis, claims that she was discharged from her employment because she was pregnant. She filed a complaint against her employer, Buyer Advertising, Inc. (defendant), alleging violations of G. L. c. 93, § 102 (1992 ed.) (equal rights act); G. L. c. 149, §§ 105A-105C (1992 ed.) (wage discrimination based on gender); G. L. c. 149, § 105D (1992 ed.) (maternity leave act); and G. L. c. 151B, § 4 (1) (1992 ed.) (gender discrimination in employment). In her complaint, the plaintiff moved for a jury trial.[1]

The defendant moved to strike the jury demand, claiming that Dalis was not entitled to a trial by jury under any of the cited statutes. A judge in the Superior Court denied the defendant's motion. The defendant appealed to a single justice of the Appeals Court. Citing inconsistent decisions in the Superior Court, the single justice reported the matter to a panel of the Appeals Court. We allowed the defendant's application for direct appellate review. We conclude that the plaintiff is entitled to a trial by jury on most of her claims under art. 15 of the Massachusetts Declaration of Rights. Therefore, we affirm the denial of the defendant's motion.

*The plaintiff's claim under art. 15 of the Declaration of Rights.*[2] Article 15 "preserves the 'common law trial by jury

---

[1] We acknowledge the amicus briefs submitted by Barbara C. Johnson, The Civil Liberties Union of Massachusetts, and The Women's Bar Association of Massachusetts.

[2] "In all controversies concerning property, and in all suits between two or more persons, except in cases in which it has heretofore been otherways used and practised, the parties have a right to a trial by jury; and this method of procedure shall be held sacred, unless, in causes arising on the high seas, and such as relate to mariners' wages, the legislature shall hereafter find it necessary to alter it."

in its indispensable characteristics as established and known at the time the Constitution was adopted' in 1780." *Department of Revenue* v. *Jarvenpaa*, 404 Mass. 177, 185-186 (1989). Article 15 does not preserve "the minor details or unessential formalities of the trial by jury as it then existed either in England or here." *Bothwell* v. *Boston Elevated Ry.*, 215 Mass. 467, 473 (1913). The article must be construed with "flexibility in its adaptation of details to the changing needs of society without in any degree impairing its essential character." *Id.* at 477.

The language of art. 15 sweeps broadly: "In *all* controversies concerning property, and in *all* suits between two or more persons, . . . the parties have a right to a trial by jury . . ." (emphasis added). The exception is narrowly defined: "[E]xcept in cases in which it has heretofore been otherways used and practised." Thus, according to the language of art. 15, the "sacred" method for resolving all manner of cases and controversies was trial by jury unless the case was one in which a court of equity in either England or Massachusetts would have exercised jurisdiction in 1780. See *Parker* v. *Simpson*, 180 Mass. 334, 355 (1902); *Stockbridge* v. *Mixer*, 215 Mass. 415, 418 (1913); *In re Acushnet River & New Bedford Harbor*, 712 F. Supp. 994, 1009-1010 (D. Mass. 1989).

The jury system, as the "sacred" method for resolving factual disputes, is the most important means by which laypersons can participate in and understand the legal system. *Commonwealth* v. *Canon*, 373 Mass. 494, 516 (1977), cert. denied, 435 U.S. 933 (1978). It brings the "rules of law to the touchstone of contemporary common sense." *Id.*, quoting 1 W. Holdsworth, A History of English Law 348-349 (3d ed. 1922). "Jurors bring to a case their common sense and community values; their 'very inexperience is an asset because it secures a fresh perception of each trial, avoiding the stereotypes said to infect the judicial eye.' " *Parklane Hosiery Co.* v. *Shore*, 439 U.S. 322, 355 (1979) (Rehnquist, J., dissenting), quoting H. Kalven & H. Zeisel, The American Jury 8 (1966).

The plaintiff's sex discrimination claim falls squarely within the language of art. 15. It is a suit between two persons which clearly sets forth a controversy concerning property. *Parker* v. *Simpson, supra* at 345. Next, we must determine whether the exception in art. 15 is applicable. We examine whether the plaintiff's claim is analogous, in either subject matter or remedy sought, to cases within the court's equity jurisdiction, as it existed at the time of the adoption of the Constitution. See *Parker* v. *Simpson, supra* at 355. See also *Powers* v. *Raymond,* 137 Mass. 483, 485-486 (1884); *Commonwealth* v. *Mongardi,* 26 Mass. App. Ct. 5, 8 (1988).

The plaintiff does not seek primarily equitable relief.[3] Nor is the nature of her claim analogous to any case which was traditionally heard in a court of equity. Thus, the plaintiff has a right to a jury trial. See *Gallagher* v. *Wilton Enters., Inc.,* 962 F.2d 120, 124 (1st Cir. 1992). Compare *Department of Revenue* v. *Jarvenpaa, supra* at 185-186 (plaintiffs not entitled to a jury trial because traditionally paternity and child support claims were not tried before a jury).

The plaintiff's sex discrimination claim is analogous to common law actions sounding in both tort and contract. See *Conway* v. *Electro Switch Corp.,* 402 Mass. 385, 388 (1988); *Gallagher* v. *Wilton Enters., Inc., supra* at 122-123 ("Courts have routinely held that discrimination suits in general, and employment discrimination suits in particular, are analogous to either of two common law causes of action [tort and contract]"). See also *Beesley* v. *Hartford Fire Ins. Co.,* 717 F. Supp. 781, *S.C.,* 723 F. Supp. 635, 652 (N.D. Ala. 1989) (Seventh Amendment guarantees a jury trial for plaintiffs in Title VII sex discrimination suits for lost wages).[4] The

---

[3] The plaintiff's complaint requests compensatory damages, exemplary damages, interests and costs, attorney's fees, and reinstatement.

[4] The Seventh Amendment to the Constitution of the United States does not apply to a State civil trial. See *Galvin* v. *Welsh Mfg. Co.,* 382 Mass. 340, 345 (1981). However, the court's analysis of Title VII claims under the Seventh Amendment is similar to our analysis under art. 15. The Federal equal rights statute, 42 U.S.C. § 1981, also has been interpreted to confer a right to a jury trial. See *Laskaris* v. *Thornburgh,* 733 F.2d 260, 263 (3d Cir.), cert. denied, 469 U.S. 886 (1984) ("A party seeking com-

United States Supreme Court has commented that "[a]n action to redress racial [or gender] discrimination may also be likened to an action for defamation or intentional infliction of mental distress." *Curtis* v. *Loether*, 415 U.S. 189, 195-196 n.10 (1974).[5]

Under G. L. c. 151B, § 9 (1992 ed.), the plaintiff may seek both legal and equitable remedies for violations of G. L. c. 151B, § 4.[6] If the plaintiff prevails, she may recover monetary damages for her economic losses as well as for mental anguish. See *College-Town, Div. of Interco, Inc.* v. *Massachusetts Comm'n Against Discrimination*, 400 Mass. 156, 169 (1987). In egregious cases, the statute also provides the legal remedy of punitive damages. See G. L. c. 151B, § 9. The statute clearly affords the plaintiff the "legal remedy of compensatory damages." *Conway* v. *Electro Switch Corp.*, 402 Mass. 385, 387 (1988).

---

pensatory and punitive damages or other legal relief under 42 U.S.C. § 1981 has a right to a jury trial"). See also *Curtis* v. *Loether*, 415 U.S. 189 (1974) (Seventh Amendment guarantees the right to a jury trial in suits alleging fair housing violations under 42 U.S.C. § 3612). Because the result we reach is consistent with the result reached in Federal courts, the right to a jury trial is not affected by the forum selected.

[5]In analyzing claims for a trial by jury under the Seventh Amendment, the Supreme Court has said that the Seventh Amendment requires a trial by jury if the complaint invokes rights and remedies traditionally resolved in an action at law rather than equity or admiralty. See *Pernell* v. *Southall Realty*, 416 U.S. 363, 375 (1974). Although we are not bound by these decisions in considering appropriate resolution of the plaintiff's claims, we consider the reasoning of the United States Supreme Court cases to be analogous to our case law.

[6]General Laws c. 151B, § 4 (1) (1992 ed.), provides: "It shall be an unlawful practice: 1. For an employer, by himself or his agent, because of the race, color, religious creed, national origin, sex, sexual orientation, which shall not include persons whose sexual orientation involves minor children as the sex object, or ancestry of any individual to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment, unless based upon a bona fide occupational qualification."

General Laws c. 151B, § 9 (1992 ed.), states, in relevant part: "Any person claiming to be aggrieved by a practice made unlawful under this chapter . . . may . . . bring a civil action for damages or injunctive relief or both in the superior or probate court . . . ."

The defendant concedes that the plaintiff's sex discrimination claim is analogous to actions at common law, but argues that, absent clear legislative direction, the court should not imply a right to a jury trial. The issue is not whether we should imply a right to a jury trial but whether art. 15 preserves and protects the right to a jury trial on the plaintiff's claims. Our long-standing rule is that the boundaries of equity jurisdiction "ought not to be widened by judicial decision . . . [because] the constitutional right of trial by jury would thereby become correspondingly narrowed." *Parkway, Inc.* v. *United States Fire Ins. Co.*, 314 Mass. 647, 651 (1943).

The defendant relies on *Nei* v. *Burley*, 388 Mass. 307 (1983), to support its position that there is no constitutional right to a trial by jury on the plaintiff's claims. We do not agree. In *Nei*, we said that the court should be "hesitant to imply a right to a jury trial for the sui generis causes of action for unfair or deceptive practices in the absence of legislative direction." *Id.* at 314. General Laws c. 93A (consumer protection statute) entitles plaintiffs to relief where traditional legal remedies were considered inadequate by the Legislature. Unlike a traditional common law action for fraud, consumers suing under c. 93A need not prove actual reliance on a false representation, or that the defendant knew that the representation was false. *Slaney* v. *Westwood Auto, Inc.*, 366 Mass. 688, 703 (1975). An " 'unfair or deceptive act or practice' goes far beyond the scope of the common law action for fraud and deceit." *Id.* We determined that any analogies between "unfair and deceptive practices" and common law claims for fraud and deceit were inappropriate. *Nei* v. *Burley, supra* at 313. Thus, we concluded that a plaintiff alleging a violation of G. L. c. 93A is not constitutionally entitled to a trial by jury.[7]

---

[7]Though a plaintiff has no constitutional right to a trial by jury, the presiding judge may commit the resolution of a G. L. c. 93A claim to a jury as a matter of discretion. *Travis* v. *McDonald*, 397 Mass. 230, 234 (1986).

The outcome in *Nei* turned on the "equitable nature of the relief" sought under c. 93A. *Nei, supra* at 315. By contrast, the nature of the plaintiff's claim is more analogous to actions at common law, and the relief sought by the plaintiff is predominantly legal. *Nei* is distinguishable on that basis.

Under the broad language of art. 15, the plaintiff's right to a jury trial is protected. The exception set forth in art. 15 does not apply because the plaintiff's rights and remedies are similar to those traditionally treated as actions at law. Under art. 15, the plaintiff is constitutionally entitled to a trial by jury for her claim of employment discrimination based on sex. The judge correctly denied the defendant's motion to strike the plaintiff's demand for a jury trial.

*General Laws c. 149, §§ 105A-105C.*[8] Our analysis of the plaintiff's right to a jury trial under this statute is the same as under G. L. c. 151B. The relevant inquiry is whether a claim of wage discrimination based on gender is analogous to cases which were traditionally treated as legal actions. Wage discrimination based on gender, like employment discrimination based on gender, has historical connections to common law tort and contract claims. See *ante* at 223. The statute permits plaintiffs to recover unpaid wages, and an additional equal amount of liquidated damages. Compensatory and punitive damages are legal remedies. Thus, both the nature of the action and the relief sought are legal. See *Santiago-Negron* v. *Castro-Davila*, 865 F.2d 431, 437, 441 (1st Cir. 1989) (back pay considered factor of compensatory damages which involves common law right to trial by jury). For the same reasons as stated *ante* at 223, we conclude that the plaintiff is entitled to a jury trial on her claim of wage discrimination based on gender.

---

[8]General Laws c. 149, § 105A (1992 ed.), prohibits discrimination in the payment of wages based on sex. The statute provides the following remedy: "Any employer who violates any provision of this section shall be liable to the employee or employees affected in the amount of their unpaid wages, and in an additional equal amount of their unpaid wages, and in an additional equal amount of liquidated damages."

*General Laws c. 149, § 105D.*[9] Again, we begin the analysis by exploring whether the rights afforded by this statute have an analogue in the class of cases which are essentially legal in nature, with roots in both tort and contracts. See *supra* at 223. An employee seeking relief under G. L. c. 149, § 105D, is entitled to both injunctive relief and money damages. The fact that the plaintiff is entitled to both legal and equitable relief may not compromise her constitutional right to a trial by jury. *Stockbridge v. Mixer*, 215 Mass. 415, 418 (1913). We agree with the Supreme Court that where there are legal and equitable claims present in the same case, the trial court will "have to use its discretion in deciding whether the legal or equitable cause should be tried first. Because the right to jury trial is a constitutional one, however, while no similar requirement protects trials by the court, that discretion is very narrowly limited and must, wherever possible, be exercised to preserve jury trial" (footnote omitted). *Beacon Theatres, Inc.* v. *Westover*, 359 U.S. 500, 510 (1959). Under State law, as in the Federal system, "only [in] the most imperative circumstances . . . can the right to a jury trial of legal issues be lost through prior determination of equitable claims." *Id.* at 510-511.

*General Laws c. 93, § 102.*[10] The defendant contends that the only remedy available under G. L. c. 93, § 102, is "in-

---

[9]General Laws c. 149, § 105D (1992 ed.), requires that employers grant an employee up to eight weeks, with or without pay, for maternity leave. The statute provides in relevant part: "A female employee . . . shall be restored to her previous, or a similar position with the same status, pay, length of service credit and seniority, wherever applicable, as of the date of her leave. . . . Such maternity leave shall not affect . . . any other advantages or rights of her employment incident to her employment position."

[10]General Laws c. 93, § 102 (*a*) (1992 ed.), guarantees: "All persons within the Commonwealth, regardless of sex, race, color, creed or national origin, shall have, except as is otherwise provided or permitted by law, the same rights enjoyed by white male citizens, to make and enforce contracts, to inherit, purchase, to lease, sell, hold and convey real and personal property . . . and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other."

General Laws c. 93, § 102 (*b*) (1992 ed.), states in relevant part: "A person whose rights under the provisions of subsection (a) have been violated may commence a civil action for injunctive and other appropriate

junctive and other appropriate equitable relief." Relying on our decision in *Commonwealth* v. *Guilfoyle*, 402 Mass. 130, 135-136 (1988), the defendant argues that the plaintiff is not entitled to a jury trial. We do not agree.

In *Guilfoyle*, we concluded that there was no constitutional right to a jury trial for claims brought under the Massachusetts Civil Rights Act. *Guilfoyle*, *supra* at 135-136. *Guilfoyle* does not stand for the broad proposition that a jury trial does not attach to new causes of action. Our decision in *Guilfoyle* is grounded on the reasoning that art. 15 does not guarantee a right to a trial by jury in the class of cases traditionally reserved for the courts of equity. *Guilfoyle*, *supra* at 135.

General Laws c. 93, § 102, guarantees equality in the making and enforcing of contracts. Article 15 preserves the right to a jury trial for traditional contract claims. Because a claim under G. L. c. 93, § 102, does not fall within the narrow class of cases reserved for courts of equity, the plaintiff is entitled to a trial by jury. See *Parker* v. *Simpson*, 180 Mass. 334, 355 (1902). As in the Federal system, to the extent that there are some equitable claims in addition to the legal claims, the judge has discretion to determine the order of trial between the legal claims and the request for some equitable relief.[11] However the judge must recognize that judicial discretion is "narrowly limited" by the plaintiff's State constitutional right to a trial by jury.

The order of the Superior Court judge denying the defendant's motion to strike the plaintiff's demand for trial by jury is affirmed. This matter is remanded to the Superior Court for further proceedings.

*So ordered.*

---

equitable relief, including the award of compensatory and exemplary damages. . . ."

[11]To the extent that the plaintiff seeks injunctive relief, that, of course, is a claim for equitable relief not subject to a trial by jury.