DARLENE C. DEAN *vs.* CITY OF SPRINGFIELD. No. 93-P-854. January 25, 1995. *Practice, Civil,* Retroactivity of judicial holding. *Anti-Discrimination Law,* Sex. *Constitutional Law,* Trial by jury, Sex discrimination. *Jury and Jurors.*

The plaintiff appeals from an adverse judgment and the denial of a motion for a new trial on her claim of gender discrimination arising from the defendant's refusal to extend her employment as a police officer beyond her probationary period. During the pendency of this appeal, following a trial without jury in the Superior Court, and after the parties had filed their briefs in this court, the Supreme Judicial Court held that a plaintiff in a gender discrimination action has a State constitutional right to a trial by jury with respect to the legal claims presented. *Dalis* v. *Buyer Advertising, Inc.,* 418 Mass. 220 (1994). Thereafter, the plaintiff sought and received permission from a single justice of this court to supplement her brief to address the issue of the retroactivity of that holding to this case. The issue was argued in the plaintiff's subsequently filed supplemental brief and the defendant's opposition thereto. See Mass.R.A.P. 16(c), as amended, 399 Mass. 1217 (1987).

1. *Waiver.* The defendant contends that the plaintiff's argument respecting her right to a jury trial should be deemed waived because she did not raise it in her original brief. The defendant acknowledges that the plain-

tiff's pretrial motion pursuant to Mass.R.Civ.P. 39(c), 365 Mass. 802 (1974), to frame jury issues was denied and does not contest the assertion in the plaintiff's supplemental brief that her complaint contained a demand for a jury trial on all claims triable as of right to a jury.[1] In the circumstances, we conclude that the issue of the right to jury trial sufficiently was raised in the trial court and briefed to us to avoid waiver. The argument made in the supplemental brief is hardly an appellate afterthought since the decision upon which it is based was handed down after the original briefs were filed. Contrast *Campbell Hardware, Inc.* v. *R. W. Granger & Sons*, 401 Mass. 278, 280 (1987). In any event, the issue is of sufficient import to warrant discretionary review under Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975).

2. *Retroactivity.* Strongly favoring retroactive application of *Dalis* to this case are the following factors: (a) The right to a jury trial in a case involving a claim of gender-based employment discrimination is of constitutional dimension. *Dalis* v. *Buyer Advertising, Inc., supra* at 226. (b) This case was on direct appeal at the time of the *Dalis* decision and the issue was sufficiently preserved at trial. See *Commonwealth* v. *Figueroa*, 413 Mass. 193, 202 (1992); *Sniffin* v. *Prudential Ins. Co.*, 11 Mass. App. Ct. 714, 720 n.11 (1981). (c) Generally, decisional law is applied retroactively to past events, *Schrottman* v. *Barnicle*, 386 Mass. 627, 631 (1982), and the circumstances summarized in *McIntyre* v. *Associates Financial Servs. Co. of Mass., Inc.*, 367 Mass. 708, 712 (1975), that support an exception to retroactivity are not present here. The notion of making a jury trial available in discrimination litigation is neither novel nor unforeshadowed. See *Riffelmacher* v. *Board of Police Commrs. of Springfield*, 27 Mass. App. Ct. 159, 160 (1989)(affirming a judgment following a jury trial involving a gender discrimination charge against the same police department); G. L. c. 151B, § 9, fourth par., inserted by St. 1990, c. 395, providing for "trial by jury on any issue of fact in an action for damages" in age discrimination cases. It is reasonable to assume that community acceptance of gender discrimination decisions will be enhanced by jury trials, and we have no indication that the number of gender discrimination cases under appeal that will be relitigated pursuant to this decision, and which otherwise would not be, is substantial. Accordingly, the judgment is reversed, and the case is remanded to the Superior Court for a new trial.

*So ordered.*

*David P. Hoose* for the plaintiff.
*Edward M. Pikula*, Assistant City Solicitor, for the defendant.

---

[1] Our record does not contain a copy of the complaint.