RONALD P. ROSATI, JR., & another[1] *vs.* BOSTON PIPE
COVERING, INC.

Middlesex. January 12, 2001. - June 19, 2001.

Present: MARSHALL, C.J., GREANEY, IRELAND, SPINA, & SOSMAN, JJ.

*Practice, Civil,* Jury trial. *Constitutional Law,* Trial by jury. *Jury and Jurors.*
*Contract,* Employment.

Where a claim under G. L. c. 149, § 27, for an employer's alleged failure to
pay at the prevailing wage rate, seeking lost wages and benefits, treble
damages, costs and attorney's fees, was essentially an action in law sound-
ing in contract, the employer was entitled to a trial by jury and, in light of
conflicting evidence regarding the amount of work performed that would
qualify for the prevailing wage under G. L. c. 149, §§ 26 and 27, the
judge's denial of the employer's claim for a trial by jury was prejudicial
and a new trial was required. [350-352]

CIVIL ACTION commenced in the Superior Court Department on
March 17, 1995.

A motion to strike a request for a jury trial was heard by
*Maria I. Lopez,* J., and the case was heard by *Charles T. Spur-*
*lock,* J.

After review by the Appeals Court, the Supreme Judicial
Court granted leave to obtain further appellate review.

*Blythe Sterling* (*Sydelle Pittas* with her) for the plaintiffs.

*Herbert D. Lewis* (*Harold M. Gorach* with him) for the
defendant.

SOSMAN, J. Alleging that the defendant, their former employer,
had failed to pay them the prevailing wage for work they
performed pursuant to a public construction project at Logan
International Airport, the plaintiffs filed a complaint pursuant to
G. L. c. 149, § 27, seeking to recover lost wages and benefits,
treble damages, costs, and attorney's fees. The defendant filed
an answer requesting a jury trial, whereupon the plaintiffs

---

[1]Robert Croteau.

moved to strike that request. The motion judge, finding that the action was entirely statutory and that the statute lacked an express grant of trial by jury, struck the defendant's request, and the case proceeded to a trial without jury. The trial judge found that the defendant had violated the provisions of G. L. c. 149, § 27, and awarded back wages, treble damages, attorney's fees, and costs. The defendant appealed, and the Appeals Court reversed the judgment on the ground that the defendant's request for trial by jury had been erroneously denied. *Rosati* v. *Boston Pipe Covering, Inc.*, 47 Mass. App. Ct. 121 (1999). We granted the plaintiffs' application for further appellate review. We agree with the Appeals Court that the defendant was entitled to a trial by jury, and therefore vacate the judgment and remand the matter for retrial.

"In all controversies concerning property, and in all suits between two or more persons, except in cases in which it has heretofore been otherways used and practiced, the parties have a right to a trial by jury . . . ." Art. 15 of the Declaration of Rights of the Massachusetts Constitution. Article 15 "must be construed with 'flexibility in its adaptation of details to the changing needs of society without in any degree impairing its essential character.' " *Dalis* v. *Buyer Advertising, Inc.*, 418 Mass. 220, 222 (1994), quoting *Bothwell* v. *Boston Elevated Ry.*, 215 Mass. 467, 473 (1913).

The "narrowly defined" exception to the right of jury trial set forth in art. 15 ("except in cases in which it has heretofore been otherways used and practiced") removes only those cases "in which a court of equity in either England or Massachusetts would have exercised jurisdiction in 1780." *Dalis* v. *Buyer Advertising, Inc., supra.* Thus, if "the plaintiff's claim is analogous, in either subject matter or remedy sought, to cases within the court's equity jurisdiction, as it existed at the time of the adoption of the Constitution," there is no right to trial by jury. *Id.* at 223. Otherwise, the right to trial by jury remains "sacred." *Id.* at 222.

The present plaintiffs are suing for "lost wages and benefits," on the ground that they were underpaid for the work they performed for the defendant. Their suit is a "controvers[y] concerning property," and it is a suit "between two or more persons," thus bringing the action plainly within art. 15.

Nothing about the claim makes it one that traditionally came within the court's equity jurisdiction. Rather, the claim is essentially an action in law sounding in contract. "[T]he ordinary action of contract is a controversy concerning property, in which trial by jury was had as of right at the time of the adoption of the Constitution." *Farnham* v. *Lenox Motor Car Co.*, 229 Mass. 478, 480 (1918). The statute, G. L. c. 149, §§ 26 and 27, provides that the wage rate for this particular employment contract was that set by the Commissioner of Labor and Industries, but the fact that the contract price is governed and set by statute does not make the claim any less analogous to a contract claim. Similarly, the fact that the statute gives the Attorney General the power to enforce its payment provisions and requires employees to notify the Attorney General prior to filing suit (G. L. c. 149, § 27) does not change the underlying contractual nature of the claim.[2] A claim pursuant to G. L. c. 149, § 27, is not a new statutory cause of action, but is fundamentally a contract claim for wages owed under an employment contract.[3] Cf. *Nei* v. *Burley*, 388 Mass. 307, 315 (1983) (no right to jury trial on G. L. c. 93A claim because statute "created new substantive rights in which conduct

---

[2] The plaintiffs erroneously contend that their claim is not in the nature of a contract claim because they must have the Attorney General's "permission" to bring their "private enforcement" action. The statute requires that they file a complaint with the Attorney General and then wait ninety days before filing suit. G. L. c. 149, § 27. The assent of the Attorney General is required only if a plaintiff wishes to file suit prior to the expiration of that ninety-day period. *Id.* In any event, the mere existence of presuit administrative filing requirements does not change the essential nature of the underlying claim. Comparable presuit filing requirements are set by G. L. c. 151B, § 9, but there is still a right to a jury trial on a G. L. c. 151B employment discrimination claim. See *Dalis* v. *Buyer Advertising, Inc.*, 418 Mass. 220, 226 (1994).

[3] In *Dalis* v. *Buyer Advertising, Inc.*, *supra* at 226-227, we held that claims under other sections of the same chapter (G. L. c. 149, § 105A [wage discrimination based on gender], and § 105D [maternity leave]) "ha[d] historical connections to common law tort and contract claims," and thus entitled the parties to trial by jury. *Id.* at 226. The section at issue in the present case (§ 27), which governs the amount of wages owed and allows employees to sue in order to obtain those wages, gives employees a cause of action in the nature of a straight contract claim. To whatever extent there is, as in *Dalis*, some overlay of tort, that overlay does not take away from the traditionally legal nature of the claim.

heretofore lawful under common and statutory law is now unlawful'').

The remedies sought in the present case (lost wages and benefits, multiple damages, costs, and attorney's fees) are remedies at law, not in equity. The fact that G. L. c. 149, § 27, also allows a plaintiff to seek injunctive relief in addition to damages,[4] thus mixing a traditionally equitable remedy with a traditionally legal remedy, ''may not compromise [the] constitutional right to a trial by jury.'' *Dalis* v. *Buyer Advertising, Inc., supra* at 227, citing *Stockbridge* v. *Mixer,* 215 Mass. 415, 418 (1913). Cf. *Demoulas* v. *Demoulas Super Mkts., Inc.,* 424 Mass. 501, 526, 527 (1997), *S.C.,* 428 Mass. 543 (1998) (no right to jury trial in shareholder derivative action, which ''has traditionally been considered an equitable proceeding,'' where plaintiff ''primarily sought equitable relief''); *Commonwealth* v. *Guilfoyle,* 402 Mass. 130, 136 (1988) (no right to jury trial in action under G. L. c. 12, § 11H, which prescribes that Attorney General's enforcement action is ''for injunctive or other appropriate equitable relief'').

In both its legal theories and the nature of the remedies sought, the present action ''belongs to the class of cases, therefore, where under the Constitution trial by jury must be held sacred and jealously guarded against every encroachment.'' *Farnham* v. *Lenox Motor Car Co., supra* at 481. The defendant was therefore entitled to a trial by jury and, in light of the conflicting evidence regarding the amount of work performed that would qualify for the prevailing wage under G. L. c. 149, §§ 26 and 27, the denial of trial by jury was prejudicial. Cf. *Whalen* v. *NYNEX Info. Resources Co.,* 419 Mass. 792, 796-797 (1995) (erroneous denial of jury trial not prejudicial where plaintiff failed to establish prima facie case).

The judgment is therefore vacated and the matter is remanded for further proceedings consistent with this opinion.

*So ordered.*

---

[4]The present plaintiffs did not seek any form of injunctive relief. The entirety of their prayers for relief against the defendant consisted of monetary claims.