Koenigs, J.
The plaintiff, Diane L. Shemeth (“plaintiff’), sued attorneys Michael S. Ferguson, Patrick K Ferguson, and David R Ferguson (“defendants”), alleging *55 malpractice and a violation of G.L.c. 93A. The defendants filed a motion to dismiss for failure to state a claim, which the court treated as a motion for judgment on the pleadings and allowed, ordering the complaint to be dismissed. The plaintiff appeals from that ruling.
1. Background. The plaintiff was injured as a passenger on a cruise ship in January 1994, and hired the defendants to represent her in a claim against file ship’s owner, Carnival Cruise Lines. The defendants subsequently filed suit (“the Carnival case”), but in March 1997, the case was dismissed for inactivity pursuant to District Court Standing Order 1-88.[2]
In November 1997, the plaintiff hired another attorney and sued the defendants for malpractice relating to the Carnival case in April 1998 (“the first malpractice case”). The first malpractice case was dismissed in May 1999 for inactivity under Standing Rule 1-88. In June 1999, the dismissal of the Carnival case was removed, and that case is still pending.
In November 2000, the plaintiff filed a motion to remove the dismissal of the first malpractice case, whereupon the defendants immediately withdrew from the Carnival case. The motion to remove the dismissal of the first malpractice case was denied.
The plaintiff did not appeal from the denial of the motion to remove the dismissal. She filed another malpractice suit against the defendants (“the second malpractice case”) in May 2001. The defendants filed a motion to dismiss for failure to state a claim, on the grounds that the suit was barred by the statute of limitations as well as the doctrines of res judicata and collateral estoppel. This motion was treated as a motion for judgment on the pleadings and the case was ordered dismissed, which judgment gives rise to this appeal.
2. Discussion. The defendants’ motion to dismiss the second malpractice case for failure to state a claim was brought under Mass. R. Civ. E, Rule 12(b) (6), 365 Mass. 754 (1974).
At the hearing on the motion to dismiss, the judge reserved judgment on the motion and gave the parties the opportunity to present documentary or other further evidence in support of their respective positions. The defendants filed supplemental materials; the plaintiff filed nothing. The court ordered the complaint dismissed.
The court’s endorsement[3] makes clear that the 12 (b) (6) motion was treated as a motion for judgment on the pleadings, not as a motion for summary judgment. Treated as a motion for judgment on the pleadings, the defendants’ motion was required to be determined according to Rule 12(c), which requires the inquiry to be limited to the pleadings (which consisted of the complaint, no answer having yet been filed), and any facts of which judicial notice may be taken. Jarosz v. Palmer, 436 Mass. 526, 529-530 (2002).
Both Rule 12(b) and Rule 12(c) provide in pertinent part that “[i]f ... matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.”
The plaintiff’s complaint in the second malpractice case alleges that the defen *56 dants failed to file the Carnival Cruise Lines suit within the one-year time limitation and in the proper forum, as required by the terms contained in the Carnival Cruise Lines ticket issued to the plaintiff. A viable claim is thus clearly presented. The allegations in this complaint, for purposes of a motion for judgment on the pleadings, must be taken as true. Jarosz v. Palmer at 530; Nader v. Cintron, 372 Mass. 96, 97-98 (1977).
None of the materials in the appellate record could be the subject of proper judicial notice for the purpose of deciding the issues of res judicata or collateral estop-pel (claim or issue preclusion). Notably, the complaint in the first malpractice case, which was dismissed for inactivity, is not among the documents made available to the motion judge. A valid determination of issue or claim preclusion could not have been made based solely on the complaint in the second malpractice case. Jarosz, supra at 530-531. See Cousineau v. Laramee, 388 Mass. 859 (1983); Restatement (Second) of Judgments §27 (1982).
Res judicata is an affirmative defense to be raised by answer. Mass. R. Civ. R, Rule 8(c), 365 Mass. 750 (1974), and is not generally an appropriate matter to be raised in a motion to dismiss under Rule 12(b) (6), 365 Mass. 755 (1974). It is generally appropriate to raise this defense in a motion for summary judgment under Rule 56,365 Mass. 824 (1974). Dowd v. Morin, 18 Mass. App. Ct. 786 (1984), citing Cousineau v. Laramee, 388 Mass. 859, 860 n.2 (1983).
Although in certain circumstances it may be appropriate to consider the res judicata and collateral estoppel issues in the context of a Rule 12(b)(6) motion, those circumstances were not present in this case. The materials here were not limited to “official records available and not subject to dispute that could be read together with the complaint.” See Boyd v. Jamaica Plain Co-op. Bank, supra at 157 n.7 (1979); Saisi v. Board of Trustees of State Colleges, 6 Mass. App. Ct. 949 (1978).
In her complaint, the plaintiff does not allege the date on which she learned that the defendants had failed to file suit within the one-year time limitation contained in the cruise ticket, or the date the first malpractice case was filed. She does allege that a motion to remove the Standing Order 1-88 dismissal of the first malpractice case was denied in December 2000, five months before this complaint was filed.
On the face of the plaintiffs second malpractice complaint, then, it is not apparent that her claim is time-barred. To raise that issue, the defendant refers to materials outside the pleadings that are not the proper subject of judicial notice. As already observed, resort may not be made to such materials in the proper determination of a judgment on the pleadings.
Since the plaintiffs complaint properly states a claim upon which relief can be granted, and since the motion to dismiss for failure to state a claim, under either Rule 12(b) (6) or Rule 12(c), could not succeed solely upon the basis of the pleadings, the defendants having presented in this appeal no ground upon which the motion could properly have been allowed taking into account court records or other materials of which judicial notice could be taken, the judgment of dismissal is reversed.
Judgment of dismissal reversed.

 “[...] 3. Absence of Requestfor Trial. Any case not previously disposed, and in which a Request for Trial has not been filed in accordance with this Order shall be dismissed by operation of this Order without prejudice.” District Court Standing Order 1-88.

 The endorsement on the defendants’ motion to dismiss reads in its entirety as follows: “This motion is treated as motion] for judgment on pleadings and is allowed. Judgment to enter dismissing complaint.”