Greco, J.
This is a G.L.C. 90, §34M action by a medical provider to recover unpaid Personal Injury Protection (“PIP”) benefits for treatment provided to the defendants insured.
In his complaint, plaintiff Ian Boehm (“Boehm”), a licensed chiropractor, sought PIP payments for medical services he rendered to a motorist insured by defendant Premier Insurance Company (“Premier”). In addition to the amount of his bill, Boehm sought interest, costs, attorney's fees and “such other damages as are the natural or necessary consequences of [Premier’s] breach and/or which the law will imply from the facts.” No specific equitable relief was sought. In its answer and by separate pleading, Premier claimed a trial by jury on all issues. Boehm’s motion to strike Premier’s jury demand was denied, and the case proceeded to trial before a jury which returned a verdict for Premier. Boehm has now appealed on the ground that Massachusetts law does not provide for a jury trial in this type of action.[1]
In Massachusetts, by virtue of Article 15 of the Declaration of Rights, it is “held sacred” that “[i]n all controversies concerning properly, and in all suits between two or more persons, except in cases in which it has heretofore been otherwise used and practiced, the parties shall be held to have a right to a trial by jury.” Thus, there is a state constitutional right to a jury trial “unless the case was one in which a court of equity in either England or Massachusetts would have exercised jurisdiction in 1780.” Dalis v. Buyer Advertising, Inc., 418 Mass. 220, 222 (1994). See also Rosati v. Boston Pipe Covering, Inc., 434 Mass. 349, 350 (2001). Whether there is a right to a jury trial in a particular instance does not, of course, simply turn on whether the particular cause of action in question existed in 1780, for Article 15 “must be construed with ‘flexibility in its adaptation of details to the changing needs of society without in any degree impairing its essential character.’” Dalis, supra, at 222, quoting Bothwell v. Boston Elev. Ry., 215 Mass. 467, 477 (1913). It turns, rather, on a determination of “whether the plaintiff’s claim is analogous, in either subject matter or remedy sought, to cases within the court’s equity jurisdiction, as it existed at the time of the adoption of the Constitution.” Dalis, supra, at 223. In making that determination, we are mindful that the “long-standing rule is that the boundaries of equity jurisdiction *122 ‘ought not to be widened by judicial decision... [because] the constitutional right of trial by jury would thereby become correspondingly narrowed.’” Dalis, supra, at 225, quoting Parkway, Inc. v. United States Fire Ins. Co., 314 Mass. 647, 651 (1943).
Our starting point must be the statute itself, which in this case is G.L.c. 90, §34M.
It is beyond doubt that the Legislature may grant a right to a trial by jury to one who is aggrieved by a violation of a statute.... That there was no such right in 1780 ... is not entirely responsive because the power to grant a jury trial reposes in the Legislature which can confer a right to a jury trial in connection with a newly recognized cause of action.
Nei v. Burley, 388 Mass. 307, 312 (1983). Accordingly, the Legislature could have expressly provided a right to a jury trial in G.L.c. 90, §34M as it did, for example, in G.L.c. 119, §391 and G.L.c. 149, §187(d) and (f); and, as counsel for Boehm argues, its failure to do so in §34M should mean something. When the Legislature wants to provide for trial by jury, it knows how to do it. Yet, while the silence of the Legislature was one factor that the Supreme Judicial Court considered in concluding that there was no right to a jury trial in a Consumer Protection Action under G.L.c. 93A, see Nei v. Burley, supra, at 315, such silence did not prevent the Court from holding that such a right existed in an action alleging gender discrimination in employment under G.L.C. 151B, §4 even though in the same chapter the Legislature expressly provided for a jury trial in an age discrimination claim. See Dalis, supra, at 224-226. Similarly, in Rosati v. Boston Pipe Covering, Inc., supra, Legislative silence did not preclude a ruling that there was a right to a jury trial in a claim against an employer for failure to pay the prevailing wage rate. Even in the face of Legislative silence, a court must still “explor[e] ... whether the rights afforded by [a] statute have an analogue in the class of cases which are essentially legal in nature, with roots in both tort and contracts.” Dalis, supra, at 227. However, it should also be noted that the Legislature was not completely silent on this question in §34M. While the provision in §34M that an unpaid party has “a right to commence an action in contract” is not quite tantamount to a provision calling for a jury trial, it is close to it The Legislature thus placed this action in a category of cases in which the right to a jury trial has always been traditionally recognized.
Since the statute itself does not clearly resolve the issue, we must determine whether a claim under §34M is more “analogous” to an action at law or equity in terms not only of the remedy sought, but also of the nature of the task presented to the fact-finder. In this action, Boehm is seeking only money, clearly a remedy at law. Section 34M does not provide for any equitable relief and does not create any new theory of recovery. What is new, to be sure, is the ability of a practitioner providing medical services to sue directly the insurance company with which it has no privity of contract In this regard, Boehm’s action is analogous to a suit by a third-party beneficiary. In Choate, Hall & Stewart v. SCA Services, Inc., 378 Mass. 535 (1979), the Supreme Judicial Court adopted “the general rule” in American courts “that ‘creditor’ beneficiaries may sue on contracts to which they were not parties.” Id. at 543. In so doing, the Court noted that ‘“[i]f the promissee in a contract contemplates the present or future existence of a duty or liability to a third party and enters into the contract with the expressed intent that the performance contracted for is to satisfy and discharge that duly or liability, the third party is a creditor beneficiary’ entitled to enforce the contract” Id. at 543-544, quoting 4A CORBIN, CONTRACTS §787 at 95 (1951). Lack of privity would not be an obstacle to recovery.
By analogy, an insurance company electing to provide PIP coverage in Massachusetts should be deemed to contemplate an obligation to make medical payments directly to the practitioner and to intend to satisfy that obligation. It does not matter that the actual provisions of such policies are mandated by statute and approved by the Commissioner of Insurance. Compare Rosati v. Boston Pipe Covering, Inc., supra, at 351, where the Supreme Judicial Court noted that the wage rate for the employment contract in question was set by the Commission of Labor and Industries pursuant to G.L.C. 149, §§26 and *123 27. In that situation, the Court noted, “the fact that the contract price [was] governed and set by statute [did] not make the claim any less analogous to a contract claim.” Insurance companies are not required to provide motor vehicle liability coverage. If they do, however, §34M not only allows injured parties to obtain speedy reimbursement for their medical bills, but also allows practitioners, in reliance on direct payment from the PIP provider, to provide services to patients who may not be able to pay for them as they are rendered. In this sense, §34M should be viewed as a vehicle for benefits provided by the insurance company to get directly into the hands of the parties who would ultimately be entitled to them, thereby avoiding any “circuity of action,” Choate, Hall & Stewart v. SCA Services, Inc., supra, at 545, occasioned by successive lawsuits between the insured and the insurer and between the practitioner and his patient In St. Charles v. Kender, 38 Mass. App. Ct 155, 157-158 (1995), a subscriber to a health maintenance organization (Tufts HMO) sued a physician who had contracted with Tufts to provide services to its members. In finding that there was a “basis for a judge or jury to find” that the physician had committed a breach of contract, the Appeals Court stated that the subscriber was “an intended beneficiary of the contract’ between Tufts and the physician because the contractual obligation assumed by the physician discharged Tufts’ obligation to its subscriber. Similarly, payments by Premier to Boehm in this case would discharge Premier’s obligations to its insured under the insurance policy.
Moreover, the nature of the determination to be made at the trial of a PIP claim is consistent with what is traditionally asked of juries. Boehm is alleging that Premier is obligated to pay a bill. “At common law, the parties were entitled to a jury trial to establish, or defend against, a debt” Rosati v. Boston Pipe Covering, Inc., 47 Mass. App. Ct. 121, 122 (1999). Whether an injury is related to a particular accident, whether an insurance policy was in effect at the time of the accident, whether the accident victim was treated by the practitioner-plaintiff, whether the medical services performed were necessary, and whether the medical practitioner’s bill was “reasonable in light of the services that [were] involved,” Greeney Et. Al., “Massachusetts Jury Instructions,” §19.12 (b), are all issues that are presented to juries on a regular basis. As stated in Victum v. Martin, 367 Mass. 404 (1975), “the no-fault statute was not intended to abrogate common law principles of damages.” Id. at 407408. By comparison, these determinations are very different from those in an action under G.Lc. 93A, where there is no right to a jury trial. In G.Lc. 93A, “the Legislature left the [relevant] terms sufficiently open-ended to embrace causes of action for which there are no common law analogues. In such cases, the line separating what is ‘deceptive’ from what is ‘unfair’ is thin indeed, and a claim for ‘deceptive practices’ might entail the same kinds of determinations which are inherent in claims of ‘unfair practices’ and which are the traditional province of the court” Nei v. Burley, supra, at 313. See also Kattar v. Demoulas, 433 Mass. 1, 12 (2000). To resolve whether G.L.c. 93Awas violated, the court would apply a “flexible set of guidelines” embodied in statutory interpretations by the Massachusetts and Federal Courts and the Federal Trade Commission as well as regulations promulgated by the Massachusetts Attorney General. Nei v. Burley, supra, at 313.[2]
While the issue is not completely free from doubt, the more persuasive arguments *124 lead us to conclude that there is a right to trial by jury on a PIP claim for “benefits due and payable” by the insurer under G.Lc. 90, §34M. In so doing, we attach no significance to the language in §34M providing that in any action under that section “commenced in the district court..., the court shall, upon the filing of an answer by the insurer and upon the motion of the unpaid party, advance the action for a speedy trial.” This provision did not grant exclusive jurisdiction over §34M actions to the District Courts where, at the time the law was enacted, only bench trials were available; it simply outlined a procedure for those claims commenced in the District Court The ultimate availability of a jury trial in the Superior Court was in no way precluded, assuming that right was preserved in the District Court See G.Lc. 231, §104. Moreover, the concepts of speedy trial and jury trial are not incompatible. It is worth noting, in that regard, that the new one-trial system for civil cases for jury trials in the District Courts, see St 1996, c. 358, applies equally to a summary process action, see, e.g., Griffin v. Cogliano, 2003 Mass. App. Div. 55; Moeder v. Tolczyk, 2001 Mass. App. Div. 69, where an expeditious resolution is obviously desirable. Uniform Summary Process Rule 1. See also Cambridge Chamber of Commerce v. Central Sq. Ins. Agency, Inc., 1999 Mass. App. Div. 27, 31. Finally, the fact that a §34M claim may have some idiosyncratic attributes attendant to it which are not found in the garden variety contract claim (see, for example, Fascione v. CNA Ins. Cos., 435 Mass. 88 (2001))[3] is not enough to push this action over to the equity side of the ledger. Analogous does not mean the same as, but means only “bearing some resemblance.” Black’s Law Dictionary. See Rosati v. Boston Pipe Covering, Inc., supra, at 351 (“[T]he fact that the [wage rate] statute gives the Attorney General the power to enforce its payments provisions and requires employees to notify the Attorney General prior to filing suit... does not change tibe underlying contractual nature of the claim.”).
Accordingly, the judgment is affirmed, and this appeal is dismissed.[4]
So ordered.

 In Trust Ins. Co. v. Bruce at Park Chiropractic Clinic, 430 Mass. 607, 608 n.3 (2000), the Supreme Judicial Court held that “ [t] here is no right to a jury trial for attorney’s fees under G.L.C. 90, §34M.” The Court noted that such fees are analogous to costs which are for the court to determine unless the Legislature expressly indicated otherwise and that §34M “expressly left the question for determination by the court” Id. In that case, Bruce had brought an action against Trust under the small claims procedure. After a clerk-magistrate made a finding in favor of Bruce, Trust did not appeal to the jury session of the District Court When Bruce’s subsequent motion for attorney’s fees under §34M was heard and allowed by a judge, Trust appealed, claiming a jury trial. Thus, the issue of whether there is a right to a jury trial on the underlying claim against a PIP insurer for “benefits due and payable” under §34M was not before the Supreme Judicial Court

 “A plaintiff in a c. 93A case ... need not prove the existence of a contract, the defendant’s intent to misrepresent, or his own reliance on the misrepresentation, all traditionally issues of fact for the jury.” Nei v. Burley, supra, at 313. The Supreme Judicial Court’s departure from a strict adherence to the privity requirement, as discussed above, serves to undercut Boehm’s argument that a PIP claim is similar to a G.L.c. 93A claim in the sense that a key element need not be proven. The focus, however, should not be on what a plaintiff need not prove, but on what he must prove. In a G.L.c. 93A action, the court is in a better position than a jury to assess what a plaintiff must prove in place of the above elements. Once privity is cast aside, the remaining issues as to a PIP claim are “all traditionally issues of fact for the jury.”

 In Fascione, the Supreme Judicial Court held that a PIP insurer was not liable for interest, costs and attorney’s fees if the insurer paid the medical provider’s bill in full before any judgment was entered. In such a situation, the fact-finder, be it judge or jury, would never be called upon to resolve the matter. Thus, Fascione does not affect the nature of the task to be presented to a jury.

 We are aware that an intermediate appellate court in New Jersey has concluded that there is no right to a jury trial under that state’s PIP statute, but decline to follow its approach. See Manetti v. Prudential Prop. & Cas. Ins. Co., 482 A.2d 520 (N.J. Super. 1984), which was cited by the New Jersey Supreme Court in Environment Ins. Declaratory Judgment Actions, 693 A.2d 844, 852 (N.J. 1997). While the New Jersey state constitution has a provision similar to Article 15 of our Declaration of Rights, the New Jersey Supreme Court appears more hesitant than our Supreme Judicial Court to extend the right to a jury trial to statutorily created causes of action. Compare Shaner v. Horizon Bancorp., 561 A.2d 1120 (N.J. 1989) (no right to a jury trial under the statute prohibiting age discrimination in employment) with Dalis, supra, at 222-226. In addition, the Court’s reliance in Manetti on the mandatory nature of the obligations imposed by New Jersey’s PIP statute so as to preclude the relationship from being considered contractual seems at odds with Rosati, as discussed above. Finally, the Manetti Court buttressed its holding with two policy considerations; i.e., that jury trials are impractical in PIP cases where “the possibility exists for repeated disputes” as medical bills are processed and where “prompt resolution of such disputes” is desired. As to the former, it is the collective experience of judges on this Division that successive claims are rarely, if ever, filed in Massachusetts. As to the latter, the District Courts would be equipped to resolve these claims expeditiously, with or without jury trials, even if there was no legislative directive to “advance... [such] action [s] for a speedy trial.”