Murtagh, Thomas R., J.
Defendant Kevin Barnes (“Barnes”) now moves to strike the jury claim of Plaintiff James Bejoian (“Bejoian”) as to Count II (Accounting of Partnership Profits) and Count III (Chapter 93A) on the grounds that Bejoian is not entitled to a jury trial under Article 15 of the Massachusetts Declaration of Rights. For the following reasons, Barnes’ motion is DENIED.

BACKGROUND

Bejoian alleges that he and Barnes entered into a partnership agreement to develop and design an intranet website that would be presented for sale to Ford Motor Company. Bejoian further alleges that although he expended significant time and effort in initially developing the website, Barnes has refused to share in profits received from a contract between Barnes and Ford. Barnes has denied the existence of a partnership agreement, and maintains that his contract with Ford is unrelated to any work Bejoian performed.

DISCUSSION

The Massachusetts Declaration of Rights provides that:
[i]n all controversies concerning property, and in all suits between two or more persons, except in cases in which it has heretofore been otherwise used and practiced, the parties have a right to a trial by jury; and this method of procedure shall be held sacred.
Mass. Const., Pt. I, art. 15. The language of Article 15 suggests that a party is entitled to a trial by jury “unless the case was one in which a court of equity in either England or Massachusetts would have exercised jurisdiction in 1780.” Dalis v. Buyer Advertising, Inc., 418 Mass. 220, 222 (1994). Barnes argues that claims involving partnerships have always come within the court’s equity jurisdiction and that there is no right to a jury trial in actions of equity.
Regardless of the equitable nature of an action for partnership accounting, this case is essentially an action in law sounding in contract. “The ordinary action of contract is a controversy concerning property, in which trial by jury was had as of right at the time of the adoption of the Constitution." Rosati v. Boston Pipe Covering, Inc., 434 Mass. 349, 351 (2001) citing Farnham v. Lenox Motor Car Co., 229 Mass. 478, 480 (1918). Here the parties dispute whether an agreement was reached to collectively develop and sell a product to Ford Motor Company, whether such a product was sold to Ford, and whether one party breached the agreement to share in the profits of this enterprise. The partnership accounting claim is inextricably linked to the underlying contract issues which form the basis of this action. Moreover, the remedy sought by Bejoian, monetary damages for an allegedly unlawful taking, is legal and not equitable in nature.
Alternatively, this court grants Bejoian a jury trial as a matter of discretion, pursuant to G.L.c. 214, §13 and Mass.R.Civ.P. 39(c). The questions of fact at issue here are particularly appropriate for a jury’s consideration, and there is no policy consideration which *257 would weigh heavily in favor of Barnes’ motion to strike the claims for a jury trial. See Charles River Construction Co. v. Kirksey, 20 Mass.App.Ct. 333, 338-39 (1985).
Barnes’ motion to strike Bejoian’s Chapter 93Ajuiy claim is also denied. In actions that include a Chapter 93A claim, a trial judge has the “choice of letting the jury find the facts for both claims, reserving to himself all aspects of the c. 93A claim, or asking the jury for a non-binding advisory opinion as to whether [the defendant] had acted unfairly or deceptively.” Billingham v. Dornemann, 55 Mass.App.Ct. 166, 172 (2002). The decision on how to try the Chapter 93A claim is reserved for the trial judge to be made at the time of trial.

ORDER

For the foregoing reasons, Defendant’s motion to strike Plaintiffs jury claim as to Count II and Count III is DENIED.