**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

In re:  STEWART NEIL MAYER,

        Debtor,

_____

ROBERT J. HARRINGTON,

        Appellant,

v.

STEWART NEIL MAYER,

        Appellee.

No.   20-56340

DC No. 3:20-cv-01376-TWR

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Todd W. Robinson, District Judge, Presiding

Argued and Submitted January 10, 2022
Pasadena, California

Before:    TASHIMA, M. SMITH, and WATFORD, Circuit Judges.
Partial Dissent by Judge TASHIMA.

---

      [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Robert J. Harrington appeals from an order of the district court denying his motion for leave to appeal from the bankruptcy court's order, which denied his motion for relief from the automatic stay imposed in the bankruptcy proceeding of debtor Stewart Neil Mayer. In a concurrently filed opinion, we hold that the bankruptcy court's denial of stay relief was final and appealable. In this memorandum disposition, we conclude that: (1) we should address the merits of the appeal rather than remand to the district court; and (2) the bankruptcy court did not abuse its discretion in denying Harrington's stay-relief motion.

1.     "When a district court improperly dismisses a bankruptcy appeal without reaching the merits, we generally reverse the district court's dismissal and remand for the district court's consideration of the appeal in the first instance." *Mastro v. Rigby*, 764 F.3d 1090, 1097 (9th Cir. 2014). However, "remand is not mandatory." *Reid & Hellyer, APC v. Laski (In re Wrightwood Guest Ranch, LLC)*, 896 F.3d 1109, 1113 (9th Cir. 2018). As in *In re Wrightwood*, the record here is "sufficient for us to decide the issues now presented," and "we are 'in as good a position as the district court'" to consider the merits of the appeal because "both we and the district court review orders of the bankruptcy court in an appellate capacity." *Id.* (quoting *Kasdan, Simonds, McIntyre, Epstein & Martin v. World Sav. & Loan Ass'n (In re Emery)*, 317 F.3d 1064, 1069 (9th Cir. 2003)); *see also*

2

*Alexander v. Compton (In re Bonham)*, 229 F.3d 750, 763–71 (9th Cir. 2000) (after concluding that the district court erred in dismissing the appeal for lack of finality, addressing the merits of the appeal, reversing the district court decision, and remanding with instructions to affirm the bankruptcy court order).  We therefore turn to the merits of Harrington's appeal.

**2.**     In denying Harrington's request for stay relief, the bankruptcy court explained that, by granting in part Mayer's summary judgment motion, the court had narrowed the issues such that it was appropriate to address Harrington's claims against Mayer in the adversary proceeding rather than in the Massachusetts state court.  The court further reasoned that there was no stay in effect as to Harrington's claims against nondebtor parties.

The bankruptcy court did not abuse its discretion in denying Harrington's motion for stay relief.  *See Gruntz v. County of Los Angeles (In re Gruntz)*, 202 F.3d 1074, 1084 n.9 (9th Cir. 2000) (en banc) (stating that the bankruptcy court's decision to deny relief from the automatic stay is reviewed for an abuse of discretion).  "Decisions committed to the bankruptcy court's discretion will be reversed only if 'based on an erroneous conclusion of law or when the record contains no evidence on which [the bankruptcy court] rationally could have based that decision.'"  *Benedor Corp. v. Conejo Enters., Inc. (In re Conejo Enters., Inc.)*,

3

96 F.3d 346, 351 (9th Cir. 1996) (quoting *Vanderpark Props., Inc. v. Buchbinder (In re Windmill Farms, Inc.)*, 841 F.2d 1467, 1472 (9th Cir. 1988)).  The bankruptcy court properly considered interests of judicial economy in denying the relief from stay motion.  *See Merriman v. Fattorini (In re Merriman)*, 616 B.R. 381, 389 (B.A.P. 9th Cir. 2020).  At the hearing on July 2, 2019, when the bankruptcy court vacated its tentative ruling granting the stay relief motion, the court emphasized that permitting limited discovery could significantly narrow the issues in the adversary proceeding and might be more efficient "in the long term." The bankruptcy court reiterated these considerations when it later denied the stay relief motion, indicating that it would not permit Harrington to return to the Massachusetts court to litigate issues that had been addressed at summary judgment or were ready for trial in the adversary proceeding.  Thus, the bankruptcy court's decision was neither based on an erroneous conclusion of law nor unsupported by the record.

We reverse the order of the district court and remand with instructions to affirm the order of the bankruptcy court denying relief from the automatic stay.

**REVERSED and REMANDED with INSTRUCTIONS.**

*Harrington v. Mayer (In re Mayer)*, No. 20-56340

TASHIMA, Circuit Judge, dissenting in part:

As set forth in the opinion filed concurrently with this memorandum, I agree with the majority that the bankruptcy court order was final and appealable and that we should address the merits of the appeal. I would, however, reverse the bankruptcy court order denying Harrington's request for relief from the stay in order to allow him to pursue his claims against Mayer in his chosen forum. I therefore respectfully dissent from the majority's disposition on the merits.

The bankruptcy court denied the stay-relief motion "for the reasons stated in open session." At the hearing, the court stated only that, by granting in part Mayer's summary judgment motion, the court had narrowed the issues such that it was appropriate to address Harrington's claims against Mayer in the adversary proceeding rather than returning to Massachusetts, and that there was no stay in effect as to the nondebtor parties. The court did not consider the concerns raised by forcing Harrington to litigate his Massachusetts claims against Mayer in bankruptcy court in California. Nor did it consider the fact that Mayer is a party in both state cases.

The factors we generally consider in such cases favor granting relief from the stay. All the following factors favor Harrington's position: "the extent to which state law issues predominate over bankruptcy issues," "the presence of a

related proceeding commenced in state court," "the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court," "the lack of a federal jurisdictional basis other than bankruptcy jurisdiction for the state claims," "the right to a jury trial in state court,"[1] and Harrington's "nondebtor status." *Christensen v. Tucson Ests., Inc. (In re Tucson Ests., Inc.)*, 912 F.2d 1162, 1167, 1169 (9th Cir.1990).

The following factors also favor relief from the stay: allowing the state litigation to proceed would result in "complete resolution of the issues" in the adversary proceeding and the proof of claim, and the state court issues lack "any connection" with the bankruptcy case. *Truebro, Inc v. Plumberex Specialty Prods., Inc. (In re Plumberex Specialty Prods., Inc.)*, 311 B.R. 551, 559 (Bankr. C.D. Cal. 2004). In addition, the bankruptcy trustee favored stay relief in order to allow the bankruptcy estate to benefit from Harrington's litigation of the claims against

---

[1] Harrington requested a jury trial in both state actions. The Massachusetts Constitution provides that "the parties have a right to a trial by jury" "[i]n all controversies concerning property, and in all suits between two or more persons." Mass. Const. pt. 1, art. XV; *Dalis v. Buyer Advert., Inc.*, 636 N.E.2d 212, 214 (Mass. 1994) ("Article 15 'preserves the common law trial by jury in its indispensable characteristics as established and known at the time the Constitution was adopted in 1780.'" (quoting *Dep't of Revenue v. Jarvenpaa*, 534 N.E.2d 286, 291 (Mass. 1989))).

2

Mayer in the state court, indicating that the state litigation would not "prejudice the interests of other creditors." *Id.* Finally, because the denial of the stay deprives Harrington of his state constitutional right to a jury trial, the "balance of hurt" favors Harrington. *Id.*

Although the bankruptcy court reasoned that Harrington could proceed against nondebtor parties in the state litigation, the record indicates that Harrington's claims against Mayer are intertwined with his claims against Mayer's sister. Harrington's allegations in both state cases concerned the same real estate[2] and the same allegations regarding Mayer's and his sister's actions as to those properties through their family trust. Furthermore, in the case filed by Mayer's sister, Harrington counterclaimed against both Mayer and his sister, which means that Mayer is a party in both state cases. Thus, not only are the two cases intertwined, but the issues are the same, making it difficult and burdensome for Harrington to litigate the claims in both bankruptcy court and state court, and "significantly increas[ing] [his] costs." *Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 140 S. Ct. 582, 590 (2020). Because Harrington's claims against Mayer and his sister are identical, judicial economy would be served by litigating all of

---

[2] Both state actions concerned land in Framingham, Massachusetts – parcels owned by Nexum that Terrian and Nexum planned to develop and a contiguous lot owned by Terrian.

3

Harrington's claims in state court.

In addition to these other considerations, at oral argument, Harrington's counsel represented that the state court would not allow the consolidated cases to be tried separately. Harrington accordingly cannot proceed against the nondebtor parties unless the stay is lifted.

Thus, although a decision on a request for stay relief is committed to the bankruptcy court's discretion, on this record, the denial of stay relief was an abuse of discretion. I therefore respectfully dissent from the majority's denial of relief from the automatic stay.